OPINION OF THE COURT
Charles J. Tejada, J.
The following is the decision and order of this court.
The respondent, charged in a juvenile delinquency petition filed on March 10, 1987, with committing acts constituting attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2]); assault in the second degree (Penal Law § 120.05 [6]); attempted robbery in the third degree (Penal Law *503 §§ 110.00, 160.05); attempted grand larceny in the fourth degree (Penal Law §§ 110.00, 155.30 [5]); and assault in the third degree (Penal Law § 120.00 [1]), moves to dismiss this proceeding on the ground that respondent’s statutory and constitutional right to a speedy trial have been violated pursuant to US Constitution 6th Amendment and Family Court Act § 340.1.
The respondent was arraigned on March 10, 1987. On April 9, 1987, respondent failed to appear in Part 9 for trial and a warrant was issued.
Thirteen months later, on May 25, 1988, respondent was returned on the warrant issued on April 9, 1987. The respondent was remanded and a trial date was set for May 31, 1988.
On May 31, 1988, respondent was produced for trial. However, the petitioner was not ready to proceed to trial and the respondent was paroled and leave to file a motion to dismiss was granted.
With respect to juvenile delinquency proceedings the Family Court Act’s "speedy trial” provision, section 310.2, states that, "After a petition has been filed, the respondent is entitled to a speedy fact-finding hearing.” Additionally, specific time limitations are set forth in section 340.1 of the Family Court Act. This section states, in part, that, "If the respondent is not in detention the fact-finding hearing shall commence not more than sixty days after the conclusion of the initial appearance” (Family Ct Act § 340.1 [2]). However, "The court may adjourn a fact-finding hearing * * * on its own motion or on motion of the presentment agency for good cause shown * * * not more than thirty days if the respondent is not in detention” (Family Ct Act § 340.1 [3] [a]) or "on motion by the respondent for good cause shown for not more than thirty days” (Family Ct Act § 340.1 [3] [b]). Additionally, "Successive motions to adjourn a fact-finding hearing shall not be granted in the absence of a showing, on the record, of special circumstances” (Family Ct Act § 340.1 [5]). With respect to this court’s power to issue warrants, section 312.2 of the Family Court Act states, in part, that the Family Court "may issue a warrant, directing that the respondent personally” be brought before the court, "when a petition has been filed and it appears that * * * a respondent has failed to appear.” (Family Ct Act § 312.2 [5].)
In this case, a trial has not commenced within 60 or 90 days after conclusion of the initial appearance. In fact, there has been no trial for more than 13 months while a warrant for the *504 respondent’s arrest, issued by this court, was outstanding. Nor has either party moved for successive adjournments based on "good cause” or "special circumstances”.
In response to this motion, the presentment agency argued that the respondent should not be rewarded with dismissal of the petition by being absent or unavailable for trial for 13 months. Further, the presentment agency argues that it took appropriate steps, by obtaining a warrant, to have the respondent arrested and brought in for trial within the Family Court Act’s time requirement for a speedy trial and that it has no control over or supervision of the police department warrant squad’s activity and should not be penalized for their failure or inability to execute the warrant and arrest the respondent.
The respondent argues that Family Court Act § 340.1 "sets forth specific time limitations within which a fact-finding hearing must be commenced. A delay in fact-finding beyond 60 days must be presumed to be a denial of a juvenile’s right to a speedy trial pursuant to this statute. A thirty day adjournment of the case beyond that period may be granted only upon a showing of good cause and that absent a showing of special circumstances, further delays are strictly prohibited. F.C.A. § 340.1 (3) (a), (5).”
Further, he argues that during the time which the warrant was outstanding the "respondent continued to reside with his family at the address on the petition from the date of his arrest, March 2, 1987 to sometime in February of 1988, when he moved with his family to the address at which they now reside and for which a phone is listed by the New York Telephone Company.” Consequently, the respondent states, in his motion papers, that, "Assuming arguendo that the analogous C.P.L. speedy trial provision, excluding time in which a defendant is absent or unavailable could properly be applied here, exclusion is warranted under the circumstances of this case. C.P.L. § 30.30 (4) (c). The C.P.L. specifically provides that a defendant may only be deemed absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known, but his presence for trial cannot be obtained by due diligence”, and that the respondent’s "location was known to the presentment agency and court and that his presence could have been obtained with due diligence.”
The question presented by this motion is whether dismissal *505 of this juvenile delinquency petition is appropriate, as a denial of a speedy trial, when the delay in commencing this trial has been caused by the respondent’s failure to appear for the trial voluntarily or involuntarily pursuant to a bench warrant.
The Court of Appeals in Matter of Frank C. (70 NY2d 408, 413-414) has unequivocally ruled that, "[S]ection 340.1 leaves no room for the contention that delays outside of the presentment agency’s control should not provide a basis for the remedy of dismissal. Unlike CPL 30.30, Family Court Act § 340.1 is a true 'speedy trial’ provision, in that both its language and its underlying purpose are directed toward bringing the accused juvenile to trial within a specified 60- to 90-day period (barring 'special circumstances’). Indeed, the legislative decision expressly to preclude 'court congestion’ and other docket problems as permissible grounds for successive adjournments furnishes a clear indication that in adopting section 340.1 the Legislature meant to address all of the sources of delay within the system and not just those connected with the presentment agency. Moreover, the fact that the Legislature enacted the statute despite the concerns expressed by some regarding the undue burden its strict time limitations would impose on the Family Court system (see, Bill Jacket, L 1982, ch 920, Mem of Office of Court Administration; Mem of Association of Judges of Family Court of State of NY) strongly suggests that the Legislature weighed all of the competing considerations and found the goal of speedy resolution of charges against juveniles to be paramount.”
Given this Court of Appeals holding, this court finds that the failure of the respondent to appear voluntarily or involuntarily, pursuant to the warrant issued by this court, for 13 months, can be the basis for dismissal of this petition. However, this 13-month delay alone does not require that this petition be automatically dismissed because it exceeds the section 340.1 60-day time limitation. The Court of Appeals addressed the question of whether Family Court Act § 340.1 requires automatic dismissals when it held in Matter of Frank C. (supra, at 414), "This is not to suggest that section 340.1 automatically requires dismissal in all cases in which the 60-day time limitation genuinely cannot be met. To the contrary, the Legislature built a degree of flexibility into the statute by providing for adjournments in the event of 'good cause shown’ or 'special circumstances.’ ”
Therefore, to insure that speedy trials are provided for *506 respondent, Family Court Act § 340.1 requires that, once 60 and then 90 days have elapsed since the initial appearance, successive motions for adjournments of no more than 30 days be made. Depending on the basis of each motion, the court may grant that motion on the grounds that the failure of the respondent to appear after 60 days constitutes "good cause” or after 90 days, particularly if due diligence has been exercised in attempting to arrest the respondent pursuant to a bench warrant, constitutes "special circumstances”. This statutory scheme insures that, but for "special circumstances”, the prosecutor and the court are taking reasonable steps to secure the mandated speedy trial for the respondent by monitoring delays, giving notice and allowing the court to assist in securing a speedy trial. For example, problems with the execution of a bench warrant may constitute special circumstances brought to the court’s attention, to allow it to take appropriate action and/or grant an adjournment.
With respect to the instant motion, this court has looked at whether adjournments to extend this trial date beyond 60 or 90 days have been requested and/or granted based on good cause or special circumstances and has found that there have been no such requests or extensions.
Lastly, this 13-month delay must lead to a dismissal of the petition, since the Court of Appeals has also ruled in Matter of Frank C. (supra, at 414) that, "While no specific provision for dismissal is made in the statute (cf., Family Ct Act § 332.1 [8] [contemplating dismissal as a remedy for violation of Family Court Act § 310.2’s general speedy hearing requirement]), the statute’s specific and mandatory language, as well as its precise deadlines and clear legislative history, lead to the conclusion that the Legislature did not intend to leave the sanction for noncompliance to the Family Court’s discretion. Rather, a holding mandating dismissal of the charges seems necessary to effectuate the legislative goal of prompt adjudication and to ensure consistency in the statute’s application.”
Consequently, the issues of whether there has been due diligence exercised to bring the respondent to trial and whether in determining "due diligence”, this court, as provided by Family Court Act § 303.1, "may * * * consider judicial interpretations of appropriate provisions of the criminal procedure law to the extent that such interpretations may *507 assist the court in interpreting similar provisions of this article”, need not be addressed since these issues have not been brought before this court in a timely manner as mandated by Family Court Act § 340.1.
Based on the above, the motion to dismiss this petition is granted.