# In the Matter of JEROME S., Respondent.

Second Department, May 29, 1990

### APPEARANCES OF COUNSEL

*Victor A. Kovner, Corporation Counsel (Leonard Koerner* and *Pamela Seider Dolgow* of counsel), for appellant.

*Lenore Gittis (Stacy Wolf* and *Carol Goldstein* of counsel), for respondent.

### OPINION OF THE COURT

KOOPER, J.

The question to be answered on appeal is whether the Family Court Act's "speedy fact-finding hearing" provision (Family Ct Act §§ 310.2, 340.1) requires dismissal of a juvenile delinquency petition where a timely scheduled fact-finding hearing could not be conducted due to the juvenile's failure to appear for the hearing. We conclude that dismissal is not required and, accordingly, reverse the order appealed from.

## I.

On March 10, 1987, the presentment agency filed a petition alleging that respondent, aged 15 at the time, had committed acts which, if committed by an adult, would have constituted the crimes of, *inter alia,* attempted robbery in the second

degree and assault in the third degree.[1] The respondent was arraigned that day, after which the court paroled him pending a fact-finding hearing scheduled for April 9, 1987.

On April 9, 1987, the respondent failed to appear and a bench warrant was issued for his arrest. When questioned as to the respondent's whereabouts, his Law Guardian stated, "Your Honor, I can give you no legal reason why my client isn't here". Some 13 months later, on May 25, 1988, the respondent, who had been arrested on unrelated charges, was returned on the warrant which had been issued on April 9, 1987. According to the respondent's Law Guardian, the respondent did not appear for the April 9, 1987 fact-finding hearing because his "parents couldn't make it" to accompany him to court.[2] The respondent was remanded and a trial date set for May 31, 1988.

## II.

On May 31, the respondent was produced for trial. His counsel then moved for dismissal of the petition on the ground that the delay in affording the respondent a fact-finding hearing was violative of Family Court Act § 340.1 (2), which states, *inter alia,* that, "[i]f the respondent is not in detention the fact-finding hearing shall commence not more than sixty days after the conclusion of the initial appearance". Notably, this section permits a 30-day adjournment for "good cause shown" (Family Ct Act § 340.1 [3] [b]) and successive adjournments, but only if "special circumstances" are established (Family Ct Act § 340.1 [5]; *Matter of Frank C.,* 70 NY2d 408, 411; *Matter of Abdul Hashim S.,* 140 AD2d 350).[3] The respon-

---

1. According to the documents contained in the record, the respondent allegedly knocked over a woman and dragged her along the ground while attempting to steal her purse.

2. The respondent's Law Guardian offered no explanation, however, as to why the respondent did not appear or contact the court during the 13 months that elapsed between the hearing on April 9, 1989, and his subsequent arrest in May 1988.

3. Family Court Act § 310.2 expressly provides that, "[a]fter a petition has been filed, the respondent is entitled to a speedy fact-finding hearing". Family Court Act § 340.1 further provides, in pertinent part, that:

"2. If the respondent is not in detention *the fact-finding hearing shall commence not more than sixty days after* the conclusion of the initial appearance * * *

"3. The Court may adjourn a fact-finding hearing:

"(a) on its own motion or on motion of the presentment agency for good cause shown for not more than * * * *thirty days* if the respondent is not in detention * * *

dent's counsel alleged that the respondent had been "living at home" during the 13-month period in question, and reiterated his assertion that the respondent did not attend the April 9, 1987 fact-finding hearing because his parents were not available to accompany him. In opposition to the motion, the presentment agency argued, *inter alia,* that Family Court Act § 340.1 should be interpreted to exclude from any computation those periods of delay attributable to the respondent's failure to appear for the fact-finding hearing.

### III.

■ By decision dated June 20, 1988, the Family Court rendered its decision on the respondent's "speedy hearing" motion. Relying on *Matter of Frank C. (supra),* the court granted the motion and dismissed the petition *(see, Matter of Lamb,* 140 Misc 2d 502). The court reasoned (1) that the 13 months which elapsed prior to the respondent's return on the warrant could constitute a basis for dismissal on "speedy hearing" grounds; and (2) that since successive, timely adjournments were not requested by the presentment agency based on the respondent's absence, the court was precluded from considering his failure to appear as a "special circumstance" under the statute (Family Ct Act § 340.1 [5]). Notably, the Family Court indicated that the respondent's absence could have been considered a "special circumstance" justifying an adjournment. The court determined, however, that since the presentment agency had failed to obtain an adjournment of the fact-finding hearing *prior* to the expiration of the statutory period, the agency was precluded from subsequently relying on the respondent's nonappearance in opposing his motion to dismiss. We disagree and reverse.

### IV.

■ Contrary to the respondent's contentions, we conclude that the delays attributable to his failure to appear for the fact-finding hearing cannot, under the circumstances presented, constitute a ground supporting summary dismissal of the petition pursuant to Family Court Act § 340.1. *(Matter of Randy K.,* — AD2d — [1st Dept, Apr. 12, 1990] [Kupferman, J.,

---

"5. Successive motions to adjourn a fact-finding hearing shall not be granted in the absence of a showing, on the record, of *special circumstances; such circumstances shall not include calendar congestion or the status of the court's docket or backlog"* (emphasis supplied).

dissenting].) Moreover, the Court of Appeals holding in *Matter of Frank C. (supra)* is not supportive of the result reached by the Family Court. In *Matter of Frank C. (supra)*, the Court of Appeals declined to exclude from the statutory computation periods attributable to, *inter alia,* nonessential adjournments requested by the respondent's counsel, difficulties experienced by the court in managing its docket, and a period of time during which the respondent's omnibus motion was pending, despite the fact that the presentment agency was in no sense at fault for those delays. In explaining why such delays, even though not caused by the presentment agency, would nevertheless be counted against it under Family Court Act § 340.1, the court declared that "the Legislature meant to address all of the sources of delay *within the system* and not just those connected with the presentment agency" *(Matter of Frank C., supra,* at 414 [emphasis supplied]).

At bar, the delays which ensued did not emanate from "within the system", as they did in *Matter of Frank C. (supra,* at 414), i.e., they did not result from institutional delay or bureaucratic mismanagement of a case attributable to the system in general *(see, Matter of Vincent M.,* 125 AD2d 60, *affd* 70 NY2d 793). Rather, the delays were the product of the respondent's own actions in failing to appear for the fact-finding hearing, which the court had originally scheduled in a timely manner. Although the Legislature unquestionably sought to streamline juvenile proceedings by declining to sanction delays emanating from "within the system" as justifiable bases for tolling the statutory period *(Matter of Frank C., supra,* at 414; Family Ct Act § 340.1 [3] [b]; [5]; Sobie, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 340.1, at 437), the dismissal of the petition under the materially different circumstances presented here is not logically consistent with that objective.

## V.

■ Nor do we concur in the Family Court's determination that the presentment agency was required to make "successive motions for adjournments of no more than 30 days" *(Matter of Lamb, supra,* at 506), in order to preserve the assertion that the respondent's nonappearance precluded dismissal on "speedy hearing" grounds. To be sure, the adjournment provisions of the statute were intended to implement the remedial amendments adopted by the Legislature in 1982,

thereby promoting "swift and certain adjudication at all phases of the delinquency proceeding" *(see, Matter of Frank C., supra,* at 413; Sobie, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 340.1, at 437; 12B Zett-Edmonds-Buttrey-Kaufman, NY Civ Prac § 60.01 *et seq.).* It is unreasonable to assume, however, that the Legislature intended to reward a respondent who fails to appear with outright dismissal of the petition under the circumstances presented.

To require summary dismissal of the petition merely because the presentment agency has failed to redundantly seek successive adjournments of the fact-finding hearing in the respondent's absence neither accords with the logic of the statutory scheme nor promotes the desired end of "swift and certain" delinquency proceedings *(see, Matter of Frank C., supra,* at 413). The adjournment provisions of the statute were intended to function as a means of forestalling unwarranted delay, not as a sword to be employed by a respondent who delays the proceeding and then subsequently argues that it must be summarily dismissed as a consequence. Moreover, requiring the presentment agency to "take the essentially empty act of requesting a further adjournment every 30 days, adding paperwork and calendar congestion for little practical effect" (Besharov, 1989 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, 1990 Pocket Part, Family Ct Act § 310.2, at 66), would serve no constructive purpose in accelerating the disposition of the matter or in advancing the legislative design identified in *Matter of Frank C. (supra).* Accordingly, the presentment agency was not obligated to obtain successive adjournments in order to subsequently invoke the respondent's failure to appear as a special circumstance justifying delays in conducting the fact-finding hearing (Family Ct Act § 340.1 [5]).

Finally, and contrary to the respondent's contentions, the Family Court Act does not require the presentment agency to establish that a juvenile's failure to appear was "willful" in order to exclude time attributable to his nonappearance from the statutory computation. Nor does the Family Court Act contain a requirement of due diligence or obligate the court to engage in a monitoring function subsequent to its issuance of a bench warrant where a juvenile has failed to appear for a scheduled court date.

In light of the foregoing, we conclude that the order appealed from should be reversed, on the law, without costs or

disbursements, the respondent's motion should be denied, and the petition should be reinstated.

KUNZEMAN, J. P., SULLIVAN and MILLER, JJ., concur.

Ordered that the order is reversed, on the law, without costs or disbursements, the respondent's motion is denied, and the petition is reinstated.