OPINION OF THE COURT
Anthony J. Sciolino, J.
In this juvenile delinquency proceeding under article 3 of the Family Court Act, the court is asked to dismiss the petition because the statutorily required fact-finding hearing was delayed beyond the 60-day limit delineated in Family *329 Court Act § 340.1 (2). The source of the delay, occasioned by the request of respondent, is time spent in probation services for possible adjustment.
Review of statutes and reported cases provides no clear directive on how to decide this issue. Guided by legislative intent, however, which encourages adjustment of appropriate juvenile cases, and after due deliberation, the court holds that time spent while the Probation Department attempted to provide adjustment services is not includable in the speedy trial calculation pursuant to Family Court Act § 340.1 (2). Accordingly, respondent’s motion to dismiss is denied. The court rendered its decision orally from the Bench and indicated a written decision would follow.
STATEMENT OF FACTS
Respondent made his initial appearance with counsel on September 24, 1990. The petition alleged a violation of Penal Law § 165.05 (1) and § 20.00, unauthorized use of a motor vehicle in the third degree. Respondent, who was not in detention, requested an adjournment and referral to probation for possible adjustment. Over objection of the presentment agency, the court granted respondent’s request and adjourned the matter for three weeks.
At the next appearance, October 16, 1990, the court received a memorandum from probation stating that respondent had agreed to work with the Catholic Youth Organization to find employment so that restitution in the amount of $320 might be made. However, the memorandum expressed doubt that respondent would be able to pay restitution during the four-month diversion period. Respondent requested another adjournment for continuation of adjustment services. The request was granted and the case adjourned 30 days. (The court notes that Family Court Act § 308.1 [2] reads in part "[t]he inability of the respondent or his or her family to make restitution shall not be a factor in a decision to adjust a case”.)
On the following court date, November 15, 1990, respondent failed to appear. The case was adjourned to November 20, 1990 for respondent’s appearance. On November 20, 1990, the respondent appeared. The court received a second probation memorandum indicating that respondent had failed to cooperate with his probation officer and had failed to secure employment. At that time the case was set for fact finding on *330 December 6, 1990. On December 6, 1990, respondent, without notice, made an oral motion to dismiss the petition for failure to comply with the speedy trial requirement of Family Court Act § 340.1 (2). The court ordered that the motion and response be in writing and adjourned the matter for argument on December 20, 1990. A fact-finding hearing was scheduled for December 21,1990, if necessary.
CONCLUSIONS OF LAW
Family Court Act § 340.1 (2) sets forth the speedy trial requirement applicable to this case. It reads: "If the respondent is not in detention the fact-finding hearing shall commence no more than sixty days after the conclusion of the initial appearance except as provided in subdivision four.” Subdivision (4) reads, in pertinent part, "The court may adjourn a fact-finding hearing: (a) on its own motion * * * for good cause shown for * * * not more than thirty days if the respondent is not in detention * * * or (b) on motion by the respondent for good cause shown for not more than thirty days”. By including exceptions to the speedy trial requirement, the Legislature expressly recognized that some delay in scheduling a fact-finding hearing may be unavoidable.
The fact-finding hearing was set on a date more than 60 days from the date of the initial appearance. For 51 of the total 67 days at issue, however, the case, at the request of the respondent, was in probation for possible adjustment. (Not included in the 67 days is the 5 days between respondent’s nonappearance on November 15 and his appearance on November 20. [See, Matter of Jerome S., 157 AD2d 286, infra.])
In seeking dismissal of the petition, respondent relies heavily upon the authority of Matter of Frank C. (70 NY2d 408), which holds that the source of delay of a fact-finding hearing is not controlling and that dismissal is required whenever the statutory requirements for commencing a fact-finding hearing are not satisfied. However, the Court of Appeals in that case did not intend to prohibit every source of delay. For example, it specifically recognized the exceptions set forth in section 340.1 by pointing out that "[ijnasmuch as the adjournments were not based on any claimed 'good cause’ [Family Ct Act § 340 (4) (a) or (b)] or 'special circumstance,’ [Family Ct Act § 340.1 (6)] the trial court correctly dismissed the petition” (Matter of Frank C., supra, at 415). The court noted that "whether a particular event or set of events constitutes 'good *331 cause’ or 'special circumstances’ * * * is a matter that must be decided on a case-by-case basis, with due regard to the stated legislative goal of prompt adjudication.” (Matter of Frank C., supra, at 414.)
None of the delays in Matter of Frank C. (supra) were occasioned by time in adjustment services. Those delays, totaling 217 days, included time required by the trial court to decide an omnibus motion, the trial court’s docket problems, and respondent’s counsel’s scheduling difficulties.
The holding in Matter of Frank C. (supra), moreover, does not require dismissal of a juvenile delinquency petition where a timely scheduled fact-finding hearing could not be conducted due to a juvenile’s failure to appear for a hearing. In reaching that conclusion, the Second Department noted that although the Legislature unquestionably sought to streamline juvenile proceedings by declining to sanction delays emanating from " 'within the system’ ” as justifiable bases for tolling the statutory period, the dismissal of the petition under the materially different circumstances presented (in that case) was not logically consistent with that objective. (Matter of Jerome S., supra, at 287, 290.)
In the instant case, as previously noted, respondent was referred to probation for adjustment services. Family Court Act § 320.6 (2) provides that at the initial appearance the court may refer a case to the probation services for adjustment services. Family Court Act § 320.6 (4) provides that if such case is referred to the probation service, the provisions of section 308.1 shall apply. Family Court Act § 308.1 (9) provides for an initial two-month period to attempt to adjust the petition and case, which may be extended for an additional two-month adjustment period with leave of the court.
The commentary following Family Court Act § 320.6 reads: "[i]f adjustment is not effected within the prescribed period, the court continues the judicial proceedings”. (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 320.6, at 379 [emphasis supplied].) Thus it is anticipated that a case, while in adjustment, could be held open in Family Court for up to four months or 120 days, and if adjustment proved unsuccessful, the case would then continue in court.
Since the statute specifically provides for up to a 120-day adjustment period while the petition and case are still pending, the 60-day speedy trial limitation for a respondent out of *332 detention under Family Court Act § 340.1 (2) cannot logically be said to apply. Furthermore, a 30-day "good cause” adjournment under section 340.1 (4) (a) or (b) would justify a delay only up to 90 days from the date of the initial appearance, 30 days short of the 120-day adjustment period maximum. Accordingly, the court holds that time in adjustment services is not chargeable against the 60-day speedy trial requirement.
The failure to schedule a fact-finding hearing herein within the 60-day speedy trial requirement could be justified "for good cause shown” pursuant to Family Court Act § 340.1 (4) (a) or (b) since the hearing will occur within 90 days from the initial appearance. As it is obvious on the record that two adjournments were for provision of adjustment services, strict compliance with Family Court Act § 340.1 (5) that "[t]he court shall state on the record the reason for any adjournment of the fact-finding hearing” is not necessary. By reason of its holding, however, there is no need for the court to deny respondent’s motion on that ground.
Respondent has not been prejudiced by the delay between his initial appearance and fact-finding hearing. On the contrary, the possibility of adjustment would have been to his advantage if it had proven successful. For example, Family Court Act § 320.6 (3) provides for dismissal of the petition upon successful adjustment.
It would be an anomaly if a respondent could request adjustment services, cooperate in them until the 61st day following his initial appearance, sabotage the adjustment process, and then return to court and request a dismissal of the petition. Such a result would make no sense and violate the Latin maxim volenti non fit injuria — "he who consents cannot receive an injury”.
The Second Department declared in Matter of Jerome S. (157 AD2d 286, 291, supra) that the adjournment provisions of the statute were intended to function as a means of forestalling unwarranted delay, not as a sword to be employed by a respondent who delays the proceeding and then subsequently argues that it must be summarily dismissed as a consequence.
Family Court Act § 320.6 was meant to encourage adjustment of appropriate cases, even after the petition is filed. (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 320.6, at 378.) For the court to *333 interpret sections 320.6 and 340.1 (2) as requiring dismissal of the petition in this case would fly in the face of logic and the Legislature’s intent.
Respondent’s motion to dismiss the petition therefore is denied. The case will proceed to fact finding.