■ In the Matter of RODNEY J., a Person Alleged to be a Juvenile Delinquent, Appellant. [598 NYS2d 487] —Final order of disposition of the Family Court, Bronx County (Rhoda J. Cohen, J.), entered on November 15, 1991, which adjudicated respondent a juvenile delinquent by finding that he had committed an act, which, if committed by an adult, would constitute the crime of criminal possession of a weapon in the third degree and directed that he be placed with the New

York State Division for Youth for a period of 18 months, is reversed and the petition dismissed, without costs.

On or about October 11, 1991, a juvenile delinquency petition was filed against respondent, then 13 years old, charging him with criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree and the unlawful possession of a weapon by a person under 16 years of age. Annexed to the petition was a deposition sworn to by Police Officer John Lowe asserting that on September 29, 1991 he observed respondent "in possession of a .25 Caliber Raven. Upon examination of said weapon, I observed that the weapon was loaded, and numerous rounds were on the clip. I vouchered the weapon and rounds and clip under E081988." An unsigned police laboratory report comprising the results of a ballistics examination, conducted on October 1, 1991, was also affixed to the petition. The ballistics report described the gun, ammunition and the test performed and found the gun and ammunition to be operable. The report was unsigned but was certified by Detective Robert Cotter, who stated that it was "a true and full copy of the original report." A probable cause hearing ensued at which Officer Lowe testified, and the Family Court admitted the ballistics report into evidence without objection. The court, determining that there was probable cause to believe that respondent had committed the acts alleged in the petition, adjourned the matter for a fact-finding.

Some five days after the conclusion of the probable cause hearing, respondent moved to dismiss the petition as jurisdictionally defective on the ground that there were no nonhearsay allegations as to the operability of the gun. In that regard, respondent argued that the police officer's deposition did not attest to the operability of the gun, that the ballistics report attached to the petition did not contain nonhearsay information with respect to the testing undertaken and that the report was not properly verified in accordance with the mandate of the Family Court Act. Although the court granted the motion to dismiss the third count for an unrelated reason, the validity of the remainder of the petition was upheld since, in the opinion of the Judge, "the ballistics report is evidentiary and is not required to support the petition", and, in any event, the signature of the detective who prepared it "would be sufficient to make it a sworn statement" pursuant to CPL 100.30. Respondent subsequently withdrew his previous denial and entered a plea of guilty to count two of the petition charging him with criminal possession of a weapon in the

third degree. Based upon his admission, the Family Court found that he had committed an act, which, if committed by an adult, would constitute third degree criminal possession of a weapon.

On appeal, respondent contends that the petition was fatally deficient because of the absence of sworn nonhearsay allegations establishing that the weapon was operable and that, moreover, the ballistics report was improperly verified. Specifically, it is respondent's position that the decision by the Court of Appeals in *Matter of Jahron S.* (79 NY2d 632) requires dismissal of the petition as jurisdictionally defective.

*Matter of Jahron S. (supra)* involved a petition charging respondent therein with various counts of criminal possession of a controlled substance. The supporting deposition by the police officer stated that he had seen the accused "in possession of 33 vials of cocaine in crack form, and that 'based upon [his] training and experience as a police officer assigned to a special narcotics unit with respect to the appearance, handling and packaging of narcotics and other controlled substances,' he believed the substance to be crack cocaine" *(supra,* at 634). According to the Court of Appeals, the petition, accompanied by the officer's deposition, was legally insufficient in the absence of a laboratory report to identify the seized substance as cocaine. While the court declined to rule that a laboratory report is always necessary to make out a prima facie case, it did find that such a standard was not satisfied in that matter since proof of the weight and chemical nature of the statutorily defined or identified substance was required to make out a prima facie case.

The issue before this Court is, thus, whether *Matter of Jahron S. (supra)* requires that operability of a gun be demonstrated when the charge is criminal possession of a weapon in the third degree under Penal Law § 265.02 (4), which provides that a person is guilty of this offense if he possesses any loaded firearm except in his home or place of business. The applicable provisions of the Family Court Act state as follows:

"§ 311.1. The petition; definition and contents * * *

"4. A petition shall be verified in accordance with the civil practice law and rules and shall conform to the provisions of section 311.2."

"§ 311.2. Sufficiency of petition.

"A petition, or a count thereof, is sufficient on its face when:

"1. it substantially conforms to the requirements prescribed in section 311.1; and

"2. the allegations of the factual part of the petition, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the respondent committed the crime or crimes charged; and

"3. non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof."

It is clear that the validity of a petition must be ascertained from its facial sufficiency *(see also, Matter of Edward B.,* 80 NY2d 458). As the Court of Appeals explained in *Matter of Edward B. (supra,* at 463), "Family Court Act § 315.1 (1) (a), which governs motions to dismiss the petition on procedural grounds, defines 'defective petition[s]' to include those that do not 'substantially conform to the requirements stated in [section] 311.2.' Thus, the relevant statutes support the conclusion that the Legislature intended to incorporate Family Court Act § 311.2's standard of *facial* validity into its test for mandatory dismissal." Notwithstanding that contrary to the situation in *Matter of Jahron S. (supra),* the petition herein was affixed with a police laboratory report of the results of the ballistics examination of the weapon, it was still facially deficient.

Significantly, nothing in Officer Lowe's deposition mentioned the gun as being more than simply loaded. He did not even state that he *believed* it to be operable. As for the purported ballistics report, while Detective Cotter certified that it was "a true and full copy of the original report", the report itself gives no indication of ever having been signed. Therefore, Detective Cotter was merely attesting to an unsigned laboratory report. Thus, the report, albeit a business record, is nonetheless hearsay *(see, Johnson v Lutz,* 253 NY 124). The petition, including the supporting documents, did not allege nonhearsay allegations establishing, if true, every element of the crime charged. Indeed, the element of operability was asserted in an entirely hearsay manner since Officer Lowe's deposition was attached to an unsigned document whose contents were certified by Detective Cotter as being an accurate copy of the original (unsigned) report.

It is true that the petition herein was verified in accordance with Family Court Act § 311.1 (4), in that it was sworn to before an authorized person (or notarized), and there is no requirement anywhere in the Family Court Act that supporting scientific, laboratory or technical documents must be similarly verified or notarized. Yet, Family Court Act § 311.2

(2) refers to the petition, together with any supporting depositions, as having to provide the requisite reasonable cause, and a deposition must, by definition, be sworn to. Officer Lowe's deposition was silent as to the operability of the gun, and the attached ballistics report was not even signed. The facial inadequacy of the subject petition, along with the supporting depositions, is evident. At the very least, when the deposition is completely devoid of one of the elements of the crime charged, the supporting laboratory or scientific report should be signed before that element can be deemed to have been appropriately alleged. Concur—Milonas, J. P., Ellerin and Kassal, JJ.

Kupferman, J., dissents in a memorandum a follows: There was substantial compliance with the requirements of Family Court Act §§ 311.1 and 311.2.

As Judge Titone aptly put it in *Matter of Edward B.* (80 NY2d 458, 464-465), because there is "no independent Grand Jury-like body to review the evidence and the petition is often the sole 'instrument upon which the [accused] is prosecuted' ", we must be careful as to the adequacy of the accusatory instrument.

Here, there was certification by the detective of the ballistics report, which stated that the gun was operable. Any defect, as pointed out in the majority opinion, was not jurisdictional and could easily be cured by amendment, if necessary.