■ In the Matter of KURT EE., a Person Alleged to be a Juvenile Delinquent, Appellant. JONATHAN WOOD, as Assistant County Attorney of Tompkins County, Appellant. [606 NYS2d 371] —Mikoll, J. P. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered April 20, 1993, which, in a proceeding pursuant to Family Court Act article 3, *inter alia,* granted respondent's motion to dismiss the petition as jurisdictionally defective.

The questions presented for resolution here are whether (1) Family Court erred in dismissing a petition charging respondent with assault in the second degree, unlawful possession of weapons by a person under 16 and menacing in the second degree for jurisdictional deficiency, (2) the court was correct in holding that the petition's allegations were inadequate to support the violations alleged, and (3) the court erred in suppressing statements made by respondent without a hearing.

The juvenile delinquency petition that was filed against respondent was sworn to under oath by a police officer and was supported by four depositions. Each deposition bore in bold print the following notice: "I have read this statement (had this statement read to me) consisting of ___ page(s) and the facts contained herein are true and correct. I have also been told and I understand that making a false written statement is punishable as a Class A misdemeanor pursuant to section 210.45 of the Penal Law of the State of New York." The depositions were signed and witnessed. In regard to the supporting affidavits, the first deposition indicated that respondent pulled out a knife and swung it at Brett LaFrance, an unarmed person. In the second deposition, the witness swears that he saw respondent confront LaFrance and say that he wanted to fight and that LaFrance refused to do so, at which point respondent raised his fist with a knife in it, wielding it at LaFrance who ran away. The third deposition

by LaFrance himself states that respondent raised his fist with a knife in it and that he (LaFrance) ran away. The fourth deposition states that respondent pulled a knife on LaFrance and wielded it against him, and that when the deponent tried to take the knife away from respondent, respondent cut him in the finger while they struggled. His finger bled and had puss oozing out of it with resulting pain of a week's duration.

Family Court granted respondent's motion to dismiss the petition as jurisdictionally defective in that the above-quoted language on the depositions did not constitute a proper verification. The court also ordered the suppression of respondent's admission to a police officer, finding it in violation of Family Court Act § 305.2.

It has been held under similar circumstances, i.e., in criminal proceedings, that a signed statement bearing the form of notice warning that was used here to be equivalent to one under formal oath (see, People v Sullivan, 56 NY2d 378; see also, People v Calderon, 143 Misc 2d 315).

Family Court Act § 311.1 (4) states that a juvenile delinquency petition "shall be verified in accordance with the [CPLR]." CPLR 3020 (a) states that a verification is "a statement under oath that the pleading is true to the knowledge of the deponent, except as to matters alleged on information and belief", and as to those allegations the deponent may allege that he or she believes them to be true. It is uncontested that the *petition* here complies with these requirements. While requirements for supporting depositions are not set out in the Family Court Act, reference to the CPL is a helpful guidepost on the question of the sufficiency of supporting depositions. CPL 100.20 requires that supporting depositions in criminal matters be verified, a view also expressed with respect to juvenile delinquency proceedings (see, Matter of Rodney J., 194 AD2d 342). In addition, the definition of a supporting deposition that is found in CPL 100.20 meets the description used by the Court of Appeals of a supporting deposition that is to be used in juvenile delinquency proceedings (see, Matter of Jahron S., 79 NY2d 632, 638). As the supporting depositions here meet the requirements of CPL 100.30 (1), they were appropriately verified for purposes of the Family Court Act and, therefore, Family Court erred in dismissing the petition as jurisdictionally defective.

The sufficiency of a juvenile delinquency petition is to be measured by the allegations contained in the petition as well as those contained in the supporting depositions, all of which

must establish a prima facie case *(see,* Family Ct Act § 311.2; *Matter of Jahron S., supra,* at 637-639). As to the charge of assault in the second degree, we concur that the factual allegations contained in the depositions are insufficient to establish a physical injury within the meaning of Penal Law § 10.00 (9), which defines physical injury as "impairment of physical condition or substantial pain" *(see, People v Jimenez,* 55 NY2d 895; *Matter of Shawn B.,* 152 AD2d 733). Here, the victim sustained a minor cut requiring no medical treatment with limited infliction of pain. As to the dismissal of the charge of unlawful possession of a weapon by a person under the age of 16, however, we find that the actions of respondent in wielding the knife against another brought the knife into the category of a "dangerous knife" (Penal Law § 10.00 [13]; *see, Matter of Jamie D.,* 59 NY2d 589, 592-593). Family Court therefore erred in dismissing that charge for legal insufficiency. With regard to the sufficiency of allegations charging menacing in the second degree, petitioner has failed to address the question and we consequently deem it waived.

Finally, as respondent's motion to suppress his statement was not based on uncontradicted facts establishing entitlement to suppression but, rather, on an attorney's affidavit based on information and belief, we conclude that Family Court was premature in suppressing respondent's statement to a police officer without conducting a *Huntley* hearing *(see, People v Huntley,* 15 NY2d 72).

Yesawich Jr., Crew III, White and Mahoney, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the charge of unlawful possession of a weapon by a child under the age of 16; said charge is reinstated and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.