■ In the Matter of KERWIN C., a Person Alleged to be a Juvenile Delinquent, Appellant. [616 NYS2d 754] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Friedman, J.), dated September 7, 1993, which, upon a fact-finding order of the same court, dated July 19, 1993, made, after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal sale of a controlled substance in the third degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period of 18 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The verified petition in this juvenile delinquency proceeding alleged that the appellant committed acts which, if committed by an adult, would constitute the crimes of criminal sale of a controlled substance in the third, fourth, and fifth degrees and criminal possession of a controlled substance in the third, fifth, and seventh degrees. Annexed to the petition were supporting depositions of the arresting officer and an undercover officer stating that the appellant, acting in concert with two other individuals, sold crack cocaine to the undercover officer. A police laboratory report was also attached identifying the substance as cocaine. The report, although not sworn to, was signed by a chemist beneath a certification which included a form notice acknowledging that false statements made therein were punishable pursuant to Penal Law § 210.45. We would note that the language used in the certification was different than that disapproved in *Matter of Rodney J.* (83 NY2d 503). On appeal, the appellant contends that the petition must be dismissed as jurisdictionally defective because the unsworn laboratory report, while containing the requisite nonhearsay allegations, was not properly verified and therefore insufficient to establish an essential element of the crimes charged *(see,* Family Ct Act § 311.2 [3]). We disagree.

Because a juvenile delinquency petition is similar to a criminal information, the law governing the sufficiency of informations may be examined in considering a challenge to the sufficiency of a juvenile delinquency petition *(see, Matter of Jahron S.,* 79 NY2d 632, 636-637; *Matter of David T.,* 75 NY2d 927, 928-929; Family Ct Act § 303.1 [2]). The laboratory report was verified in accordance with CPL 100.30 (1) (d) which permits verification of a criminal information and supporting depositions by means of a form notice such as the one contained in the report. Such a form notice is procedurally and functionally equivalent to an oath or affirmation *(see, People v Sullivan,* 56 NY2d 378, 383). Consequently, the laboratory report was properly verified and the petition was legally sufficient *(see, Matter of Kurt EE.,* 199 AD2d 945). Thompson, J. P., Sullivan, Altman and Goldstein, JJ., concur.