■ In the Matter of MICHAEL FF., a Child Alleged to be a Juvenile Delinquent, Appellant. BROOME COUNTY ATTORNEY, Respondent. [621 NYS2d 112] —Mercure, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered June 2, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Following a fact-finding hearing, respondent was found to have committed acts which if committed by an adult would

constitute the crimes of sodomy in the first degree and sexual abuse in the first degree. A dispositional hearing was conducted and respondent was placed in the custody of the State Division for Youth for 12 months. Respondent appeals.

Initially, we reject the contention that the petition was defective because neither of the supporting depositions was sworn to before a person authorized to administer an oath. The applicable statutory provision is CPL 100.30 (1) *(see, Matter of Kurt EE.,* 199 AD2d 945, 946), which provides for verification of a supporting deposition, *inter alia,* by means of a "form notice that false statements made therein are punishable as a class A misdemeanor pursuant to [Penal Law § 210.45]" (CPL 100.30 [1] [d]). Here, each of the supporting depositions was based upon the deponent's own first-hand knowledge *(see,* Family Ct Act § 311.2 [3]) and contained the prescribed warning immediately above the deponent's signature *(compare, Matter of Rodney J.,* 83 NY2d 503). The argument that the deposition of the 10-year-old victim was incompetent as the product of a police officer and not the child raises a nonjurisdictional latent deficiency, which was not preserved by timely objection *(see, Matter of Edward B.,* 80 NY2d 458, 462; *cf., Matter of Rodney J., supra,* at 508).

We further reject the contention that respondent was denied a timely initial appearance and fact-finding hearing. The initial appearance took place on April 7, 1993, which respondent concedes was timely. There, respondent's Law Guardian sought to be relieved of his assignment due to a conflict of interest and also sought transfer of the matter from Tioga County to Broome County. Respondent's parents both joined in the request for transfer, indicating on the record their preference that the matter be handled in Broome County. The initial appearance in Broome County Family Court took place on April 21, 1993. Although petitioner indicated his readiness to proceed with a fact-finding hearing at that time, the matter was adjourned first to May 5, 1993 at the request of the newly assigned Law Guardian, to give him "time to look over the thing", and then to May 7, 1993 because of the Law Guardian's failure to appear on May 5, 1993. Under the circumstances, we agree with petitioner that any deviation from the time requirements of Family Court Act §§ 320.2, 320.4 or 340.1 was either requested or caused by respondent's Law Guardian and there was good cause shown for all adjournments *(cf., Matter of Frank C.,* 70 NY2d 408; *Matter of Michelle BB.,* 186 AD2d 856).

Finally, we are not persuaded that respondent was denied

effective assistance of counsel (see, Matter of Jamie TT., 191 AD2d 132). Although respondent makes much of the Law Guardian's waiver of a probable cause hearing and strict adherence to the applicable time limitations, his nonappearance at the proceeding scheduled for May 5, 1993, and his failure to seek discovery of medical evidence or Rosario or Brady material or to present evidence at trial, the fact is that none of the cited deficiencies had any likely impact on the outcome of the proceeding. As already determined, there was no legal basis for a motion to dismiss the petition for legal insufficiency or because of an alleged failure to comply with the statutory time limits. Obviously, respondent was not prejudiced by the Law Guardian's decision to take additional time to familiarize himself with the case or the two-day delay occasioned by his failure to attend the May 5, 1993 proceeding. In addition, we should not lose sight of the fact that respondent was charged with engaging his 10-year-old foster "brother" in sexual contact and deviate sexual intercourse in the middle of the night, in a locked bedroom occupied by only the two of them and the victim's infant brother, who was sleeping. In the absence of any witnesses to the crimes, the outcome of the fact-finding hearing would inevitably turn on the credibility of the victim (see, Matter of Swift v Swift, 162 AD2d 784). Our review of the record indicates that the Law Guardian effectively cross-examined the victim in an effort to test his credibility. Although the victim's testimony that he was examined by a doctor at some point following the incident gives rise to speculation that the examination failed to produce evidence of respondent's conduct, such proof would have been inconclusive.

We have considered respondent's remaining contentions and reject them as meritless.

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.