■ In the Matter of DOMINIC CC., a Person Alleged to be a Juvenile Delinquent, Appellant. RENSSELAER COUNTY ATTORNEY, Respondent. [636 NYS2d 142] —Cardona, P. J. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered August 25, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent has appealed from an order of disposition adjudging him a juvenile delinquent. The disposition included a fact-finding determination that respondent committed acts which, if committed by an adult, would constitute the crime of petit larceny.

We affirm. Initially, we reject the contention that the petition commencing the proceeding was jurisdictionally defective because the supporting deposition attached thereto was not properly verified. It is clear that a supporting deposition must be verified in order for a petition to be legally sufficient (*see*, *Matter of Michael FF.*, 210 AD2d 758, 759). In ascertaining what constitutes an adequate verification under the Family Court Act, it has been determined that a statement that complies with the provisions of CPL 100.30 (1) is sufficient (*see*, *Matter of Charlene D.*, 214 AD2d 561, 562, *lv denied* 86 NY2d 705; *Matter of Kurt EE.*, 199 AD2d 945, 946). That statute provides for verification of a supporting deposition, *inter alia*, by means of a "form notice that false statements made therein are punishable as a class A misdemeanor pursuant to [Penal Law § 210.45]" (CPL 100.30 [1] [d]).

Here, the deposition contained the statement by the deponent that he had "been advised that it is a crime to make a false statement". Respondent contends that because this statement did not contain the precise word-for-word language of CPL 100.30 (1) (d), it did not satisfy the verification requirement. We disagree. When examining a delinquency petition's facial sufficiency, the Court of Appeals has applied a "stringent test" so as to ensure "that there is a valid and documented basis for subjecting the juvenile to prosecution" (*Matter of Neftali D.*, 85 NY2d 631, 636). Although the statement in the deposition did not contain the exact wording of CPL 100.30 (1) (d), it comported with its substantive requirements by clearly recognizing that making a false statement was a crime and thus, in our view, bears enough of the attributes required for prosecution under Penal Law § 210.45 (*cf., Matter of Neftali D., supra*, at 636; *see also, Matter of Charlene D., supra*, at 562; *Matter of Kurt EE., supra*, at 946). Therefore, the supporting deposition satisfies the sufficiency requirements as set forth in the Family Court Act (*see*, Family Ct Act § 311.2). To accept respondent's argument would exalt form over substance (*see generally, Matter of Atthis D.*, 205 AD2d 263, 268, *lv dismissed* 85 NY2d 924; *Matter of Leo T.*, 87 AD2d 297, 299).

We also reject the contention that respondent was denied a timely initial appearance. The petition was filed on April 25, 1994 and the initial appearance was scheduled for May 4, 1994. It is not disputed that this date was timely. On the scheduled day, petitioner's attorney appeared as did respondent's Law Guardian. Family Court informed the parties that respondent's mother notified the court that respondent was ill and not able to appear. The court adjourned the matter to May 25, 1994. Respondent claims that the 21-day adjournment was excessive. We, however, agree with petitioner that any deviation from the time limitations of Family Court Act § 320.2 (1) was caused by respondent and that there was good cause shown for the adjournment (*see, Matter of Michael FF.*, 210 AD2d 758, 759, *supra; see also, Matter of Jerome S.*, 157 AD2d 286). In addition, at the May 4, 1994 initial appearance, respondent's Law Guardian did not object to the adjournment or the rescheduled date. Instead, the Law Guardian waited until the parties appeared on the rescheduled May 25, 1994 date to make the claim that the initial appearance had been unduly delayed. Further, even if we were to accept respondent's argument of undue delay in rescheduling the initial appearance, we note that respondent's speedy trial rights were adequately protected (*see, Matter of Willie E.*, 216 AD2d 645, *lv granted* 86 NY2d 707) insofar as the fact-finding hearing was scheduled within 60

days of the date when the original initial appearance should have been held (*see*, Family Ct Act § 340.1 [2]).

Finally, we find no error in Family Court's conclusion that a conditional discharge was the appropriate disposition in this case (*see*, *Matter of Dimitri W.*, 198 AD2d 832). We also note that the parties agreed that respondent would enter an admission to the charges in exchange for a conditional discharge.

Respondent's remaining contentions have been examined and rejected as lacking in merit.

White, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.