■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RAMIREZ, Appellant. [638 NYS2d 126] —Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Thorp, J.), rendered December 15, 1993, convicting him of robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish that he committed the crimes of robbery in the first degree and criminal possession of a weapon in the second degree is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250). In any event, we find no merit to the defendant's arguments that the reasonable doubt standard was not met since he cannot be convicted upon an uncorroborated admission, and that the only evidence connecting the defendant with the incident came from interested co-conspirators. The witnesses' descriptions of the pre-robbery and post-robbery events are all consistent with those of the defendant and his accomplices who testified or made pretrial statements regarding, among other things, the development of the robbery plan, the responsibilities of each of the four men involved in the robbery, and the prior unsuccessful efforts that were hampered by modifications in the complainant's daily routine upon which the robbery plan hinged.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that the prosecutor committed *Brady* violations by failing to turn over police reports and Grand Jury testimony are unpreserved review *(see,* CPL 470.05 [2]; *People v Udzinski, supra,* at 250). In any event, while a defendant is not required to demonstrate that his inquiry will in fact result in a finding of materiality *(see, People v Andre W.,* 44 NY2d 179, 185), the defendant has not even demonstrated a basis for his allegations that the prosecutor failed to turn over *Brady* material, but rather makes a purely subjective assertion that such information exists. Since, in such a situation, disclosure rests within the sound discretion of the trial court *(see, People v Andre W., supra),* the trial court properly relied upon the prosecutor's representation that he did not have any *Brady* material in his possession *(see, People v Andre W., supra).*

The defendant also contends that the destruction of photographs displayed to the complainant on the date of the robbery warrants reversal of his conviction since the complainant, who gave a detailed description of her assailant, failed to identify the defendant's photograph from the photo array. However, the defendant failed to adequately show how the photo array, which was destroyed by the arresting officer, would constitute exculpatory material. The exculpatory value that would have been derived from the photo array would be no more than the complainant's failure to identify the defendant, an issue that was fully explored by the defense counsel in his cross-examination of the arresting officer.

The defendant's remaining contentions are, for the most part, unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski, supra,* at 250), and in any event, without merit. Mangano, P. J., Copertino, Joy and Altman, JJ., concur.