■ In the Matter of KISHANA B., a Person Alleged to be a Juvenile Delinquent, Respondent. [662 NYS2d 839] —In a proceeding pursuant to Family Court Act article 3, the petitioner appeals from an order of the Family Court, Queens County (Fitzmaurice, J.), dated December 4, 1996, which dismissed the petition as legally insufficient pursuant to Family Court Act § 311.1 (4) and § 311.2 (3).

Ordered that the order is reversed, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings.

A petition relating how the juvenile respondent and several others had beaten and robbed the complainant was sworn to by Detective Daniel Leonard. A supporting deposition by the youthful complainant, declaring that Detective Leonard's account was true to her personal knowledge, was signed by her but not dated or notarized. However, above her signature was the legend that "false statements made in this document are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law". The court found that the supporting deposition was not adequately verified, and dismissed the petition.

It is well established that where a signature on a deposition supporting a juvenile delinquency petition is accompanied by a notice to the effect that "false statements made in this document are punishable as a Class A misdemeanor pursuant to Section 210.45 of the Penal Law", the signature is adequately verified, and no further notarization is necessary to satisfy the requirements of Family Court Act § 311.1 (4) and § 311.2 (3) (*see, e.g., Matter of Neftali D.,* 85 NY2d 631, 635-636; *Matter of Charlene D.,* 214 AD2d 561; *Matter of Michael FF.,* 210 AD2d 758; *Matter of Kerwin C.,* 207 AD2d 890; *see also,* CPL 100.15 [3]; 100.30 [1] [d]). Bracken, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.