In the Matter of JONATHAN T., a Person Alleged to be a Juvenile Delinquent, Respondent. [668 NYS2d 682] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Westchester County (Spitz, J.), dated December 10, 1996, which dismissed the petition as legally insufficient pursuant to Family Court Act § 311.1 (4) and § 311.2 (3).

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith.

The petition, which charged the respondent with certain drug offenses, was supported by a properly-verified report prepared by a police officer (*see, Matter of Neftali D.*, 85 NY2d 631; *Matter of Kishana B.*, 243 AD2d 561; *Matter of Michael FF.*, 210 AD2d 758; *Matter of Kerwin C.*, 207 AD2d 890; *see also*, CPL 100.30 [1] [d]). The police officer, who described himself as the "surveillance officer" on a so-called "buy-and-bust" operation, stated in the report that he "did observe the following events". Those events included the respondent's display of cocaine to passersby, his arrest by the back-up team, and the removal of six tinted bags of cocaine from his pocket. In a verified laboratory report, the forensic scientist who tested the substance stated that the six bags contained cocaine.

The verified police and laboratory reports, taken together, provided sufficient nonhearsay allegations to establish every element of the crimes charged and the respondent's commission thereof (*see, Matter of Jahron S.*, 79 NY2d 632; Family Ct Act § 311.2 [3]). Contrary to the respondent's contention, the police report, on its face, indicated that the allegations were based on the officer's firsthand observations at the scene of the crime. Furthermore, the caption, incident number, and description of the packaging of the drugs in the laboratory report were sufficient to connect the substance tested to the substance recovered from the respondent. We reject the respondent's contention that the laboratory report was facially insufficient because it failed to establish the chain of custody.

Accordingly, the Family Court erred in dismissing the petition for legal insufficiency, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith. Joy, J. P., Krausman, Goldstein and Luciano, JJ., concur.