■ In the Matter of JAVEN C., a Person Alleged to be a Juvenile Delinquent, Appellant. [868 NYS2d 742]—

Contrary to the appellant's contention, the petition was not facially deficient. The petition contained evidentiary allegations as to each element of the underlying offense (*see* Penal Law § 221.10), including a sworn police report and a sworn laboratory report bearing the applicable police incident number, stating that the evidence was received by the lab from the arresting officer and subsequently found to be marijuana (*see* Family Ct Act § 311.1 [4]; § 311.2; *Matter of Jonathan T.,* 247 AD2d 482 [1998]; *see also* CPLR 3020 [a]).

The Family Court did not err in denying that branch of the appellant's pretrial motion which sought to preclude police testimony. Although the appellant contends that he was

improperly questioned by police, he does not allege that this incident yielded a statement or any other evidence that was sought to be introduced or actually introduced at the fact-finding hearing. Thus, there is no basis for suppression of the police testimony (*see People v Burr,* 70 NY2d 354, 362 [1987], *cert denied* 485 US 989 [1988]). The Family Court also did not err in quashing the appellant's subpoena for the memo book of one of the arresting officers. That item was not a prior statement of a witness, since that officer did not testify at the fact-finding hearing (*see People v Rosario,* 9 NY2d 286, 289 [1961], *cert denied* 368 US 866 [1961]; CPL 240.45). Further, there was no showing that the material sought was exculpatory (*see People v Carnett,* 19 AD3d 703 [2005]; *People v Delvecchio,* 187 AD2d 726 [1992]; *see also People v Ramirez,* 224 AD2d 455, 456 [1996]).

The Family Court did not improvidently exercise its discretion in finding that the forensic scientist possessed the requisite skill, training, education, knowledge, or expertise to render a reliable opinion as to the identity of the material seized upon the appellant's arrest (*see People v Menendez,* 50 AD3d 1061 [2008]). Further, the evidence provided reasonable assurances as to the chain of custody of the material in question (*see People v Julian,* 41 NY2d 340, 343 [1977]; *People v Valdez,* 41 AD3d 316 [2007]; *People v Isaac,* 40 AD3d 1118 [2007]). Thus, any deficiencies in the chain of custody went only to the weight to be accorded the evidence, not its admissibility (*see People v Julian,* 41 NY2d at 343; *People v Isaac,* 40 AD3d at 1118).

Viewing the evidence in the light most favorable to the Presentment Agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]; *Matter of Charles S.,* 41 AD3d 484, 485 [2007]), we find that it was legally sufficient to support the finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal possession of marijuana in the fifth degree (*see* Penal Law § 221.10). Upon our independent factual review, we are satisfied that the Family Court's findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]).

The appellant's remaining contentions are without merit. Ritter, J.P., Florio, Miller and Dillon, JJ., concur.