*676 The respondent, Shakeim C., was charged with acts which, if committed by an adult, would have constituted the crimes of attempted gang assault in the first degree (Penal Law §§ 110.00, 120.07), assault in the third degree (Penal Law § 120.00 [1]), and menacing in the third degree (Penal Law § 120.15). In the supporting depositions that accompanied the petition, two complainants alleged that they were attacked by a group of teenaged boys, including the respondent and co-respondents Tevon F. and Daryus B.
In an order dated June 2, 2011, the Family Court granted that branch of the respondent’s motion which was to dismiss the petition and, in effect, dismissed the petition. The Family Court concluded that the petition did not “specify which complainant is the alleged victim in each count.” Further, the Family Court stated “there is no separate accusation or count to address each crime charged.” The Presentment Agency appeals, and we reverse.
“[A] petition is the sole instrument for the commencement, prosecution, and adjudication of [a] juvenile delinquency proceeding” (Matter of Detrece H., 78 NY2d 107, 110 [1991]), and it must include, among other things, “a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the crime charged and the respondent’s commission thereof with sufficient precision to clearly apprise the respondent of the conduct which is the subject of the accusation” (Family Ct Act § 311.1 [3] [h]; see Matter of Christopher M., 94 AD3d 1119 [2012]; Matter of Edwin O., 91 AD3d 654 [2012]). A petition is sufficient on its face when “the allegations of the factual part of the petition, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the respondent committed the crime or crimes charged,” and the “non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent’s commission thereof’ (Family Ct Act § 311.2 [2], [3]; see Matter of Jahron S., 79 NY2d 632, 635 [1992]; Matter of Michael Grudge M., 80 AD3d 614 [2011]).
Here, contrary to the Family Court’s determination, when the petition is read, as it must be, together with the supporting dep *677 ositions, the petition satisfied the facial sufficiency requirements of the Family Court Act (see Family Ct Act §§ 311.1 [1]; 311.2; Matter of Jahron S., 79 NY2d at 636, 638; Matter of Joven C., 57 AD3d 537, 538 [2008]; Matter of Jonathan T., 247 AD2d 482 [1998]). The petition and the supporting depositions provided reasonable cause to believe that the respondent committed the crimes with which he was charged and contained nonhearsay allegations that established, if true, every element of the crimes charged and his commission thereof (see Matter of Jahron S., 79 NY2d at 636). Specifically, the alleged victims, the alleged perpetrators, and the crimes charged are clearly identified.
Accordingly, the Family Court should not have granted that branch of the respondent’s motion which was to dismiss the petition. Rivera, J.P., Florio, Eng and Roman, JJ., concur.