*634 OPINION OF THE COURT
Chief Judge Wachtler.
The appellant Jahron S. was arrested on July 13, 1989, in Jamaica, Queens. A petition filed the following day in Family Court, Queens County, alleged that he had committed acts that if engaged in by an adult would constitute criminal possession of a controlled substance in the third, fifth and seventh degrees. Attached to the petition was a supporting deposition in which Police Officer James Henry stated that he had observed appellant in possession of 33 vials of cocaine in crack form, and that "based upon [his] training and experience as a police officer assigned to a special narcotics unit with respect to the appearance, handling and packaging of narcotics and other controlled substances,” he believed the substance to be crack cocaine. The question before this Court is whether this petition, taken together with its supporting deposition, was legally sufficient in the absence of a laboratory report identifying the substance seized as cocaine. We conclude that it was not, and accordingly reverse the order of the Appellate Division.
The same day that the petition was filed, appellant’s counsel moved that it be dismissed as legally insufficient since there was no laboratory report attached to the petition and Officer Henry’s account in the supporting deposition constituted hearsay. The court denied the request at that time. By omnibus motion and accompanying affirmation dated August 7, 1989, appellant’s counsel again requested that the petition be dismissed for legal insufficiency. The presentment agency appended to its answering affirmation a laboratory report dated July 18, 1989, which showed that the 33 vials seized from appellant contained 2,648 milligrams of crack cocaine. At a hearing before the Judge on August 15, 1989, appellant’s counsel again requested that the petition be dismissed for legal insufficiency, arguing that the presentment agency could not amend its petition by attaching the laboratory report because Family Court Act § 311.5 provides that a petition cannot be amended to cure legal insufficiency. The court reserved decision and finally denied appellant’s motion to dismiss the petition on September 13, 1989.
A hearing was held on September 20, 1989, to consider appellant’s motion to suppress. At this hearing, Officer Henry testified that on July 13, 1989, he was working as a backup on an undercover narcotics operation. At about 3:25 in the after *635 noon, he received a radio message from his partner, who reported that he had observed a young male engaged in a number of transactions which appeared to involve vials of crack cocaine. Approximately two minutes after receiving this message, Officer Henry spotted appellant, who fit the description radioed in by the other police officer. Officer Henry approached and detained the appellant. His partner drove by and confirmed that the appellant was the person he had seen earlier. Officer Henry then arrested appellant and recovered 33 vials of a substance that appeared to be crack cocaine from the pocket of appellant’s jacket. Appellant testified in his own behalf and denied having sold crack cocaine prior to his arrest.
After the Judge denied the suppression motion, appellant subsequently admitted the third count of the petition — criminal possession of a controlled substance in the seventh degree —in full satisfaction of all the charges in the petition. By order of disposition dated November 17, 1989, the court ordered that he be placed in the custody of the New York State Division for Youth for a period of up to 12 months.
On appeal to the Appellate Division, counsel for appellant argued that the delinquency petition should have been dismissed because it did not make out a prima facie case of drug possession. The Appellate Division affirmed the order of disposition, holding that because the deposition of the arresting officer was based on his own observations and on his unique knowledge as a member of a special narcotics unit, the deposition satisfied the requirements of Family Court Act § 311.2 (3).
"A petition originating a juvenile delinquency proceeding is a written accusation by an authorized presentment agency” (Family Ct Act § 311.1 [1]). Family Court Act § 311.1 (3) details the information that a petition must contain. For purposes of this appeal, the most important of these requirements is contained at section 311.1 (3) (h), which states that a petition must include "a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the crime charged and the [appellant’s] commission thereof with sufficient precision to clearly apprise the [appellant] of the conduct which is the subject of the accusation.” Family Court Act § 311.2 states that a petition is facially sufficient when it "substantially conforms” to the requirements of section 311.1, when "the allegations of the factual part of the petition, together with *636 those of any supporting depositions which may accompany it, provide reasonable cause to believe that the [appellant] committed the crime or crimes charged,” and when "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the [appellant’s] commission thereof.”
The phrasing of these statutes makes it clear that a juvenile delinquency petition may in actuality consist of two separate parts: the formal petition itself, which must conform to the requirements of Family Court Act § 311.1; and any supporting depositions that may be attached to and filed with the formal petition. Thus, where one or more supporting depositions accompany a petition, the petition and the depositions together must satisfy the facial sufficiency requirements of the Family Court Act. In this case, the petition and Officer Henry’s supporting deposition between them must have (1) provided reasonable cause to believe that Jahron S. committed the crimes with which he was charged, and (2) contained nonhearsay allegations that established, if true, every element of the three crimes charged and the appellant’s commission of those three crimes.
The appellant focuses his argument on the second of these requirements and contends that Officer Henry’s opinion as to the content of the vials is legally insufficient because it does not by itself establish the existence of a controlled substance, which is an element of the crimes charged in the petition (see, People v Sierra, 45 NY2d 56, 59-60). In Matter of Detrece H. (78 NY2d 107, 110), the factual allegations in the petition filed against appellant were legally insufficient because they were not in the required nonhearsay form. We held in that case that the petition could not be amended to cure this deficiency because Family Court Act § 311.5 precluded amendment of the petition for the purpose of curing legal insufficiency of the factual allegations. Thus, appellant cites Matter of Detrece H. to support his argument that the presentment agency could not amend the petition by adding a laboratory report at a later date and that the petition must therefore be dismissed.
A petition is "the sole instrument for the commencement, prosecution, and adjudication of the juvenile delinquency proceeding” (Matter of Detrece H., supra, at 110). In this, the petition is very similar to a criminal information, which is governed by the Criminal Procedure Law, not the Family Court Act, but which, like a Family Court petition, "may *637 serve as a basis both for the commencement of a criminal action and for the prosecution thereof’ (CPL 100.10 [1]), and must contain "[n]on-hearsay allegations * * * [that] establish, if true, every element of the offense charged and the defendant’s commission thereof’ (CPL 100.40 [1] [c]).
This Court has noted the similarity between the two instruments and has looked to the law governing the sufficiency of informations in considering challenges to the sufficiency of juvenile delinquency petitions. In Matter of David T. (75 NY2d 927), a petition was filed alleging that the appellant had committed acts, which if done by an adult, would have constituted criminal mischief in the fourth degree and reckless endangerment in the second degree in that he had intentionally damaged a car belonging to another and had driven the car erratically and at an excessive speed, creating a substantial risk of serious physical injury to others. The appellant argued that the petition was jurisdictionally defective because the nonhearsay portion of the police officer’s supporting deposition established only that the officer had seen the appellant walking away from the car.
In addressing the appellant’s argument in that case, we looked to our holding in People v Alejandro (70 NY2d 133) for guidance. In Alejandro, having noted that a prima facie case standard applies to informations since the information is the ultimate instrument of prosecution, we stated that failure to comply with the prima facie case requirement for facial sufficiency in CPL 100.40 (1) (c) and 100.15 (3) was a jurisdictional defect that required dismissal of the information (70 NY2d, at 137). Similarly, in Matter of David T (supra) we held that the omission in that case rendered the petition jurisdictionally defective (75 NY2d, at 929). We noted that “the Family Court Act * * * requires that the petition be supported by facts of a nonhearsay character * * * Because this requirement is found in both CPL 100.15 (3) and Family Court Act § 311.2 (3), and both the criminal information and the Family Court petition serve the same purpose as the sole instrument of prosecution or adjudication, the failure to comply with the statutory requirement” must be considered a nonwaivable jurisdictional defect (Matter of David T., supra, at 929).
The appellant argues that Matter of David T. and People v Alejandro, together with Matter of Detrece H. (supra) compel the conclusion that a prima facie standard applies equally to *638 Family Court petitions. The presentment agency, by contrast, contends that a prima facie case requirement is not applicable to Family Court petitions because of a crucial difference between the language of Family Court Act § 311.1 (3) (h) and CPL 100.15 (3). Family Court Act § 311.1 (3) (h) provides that the factual statement in a petition should not contain allegations of an evidentiary nature. CPL 100.15 (3), on the other hand, provides that the factual allegations in an information should be of an evidentiary nature. The presentment agency argues that as a result of this difference in terminology, petitions should not be held to the same standard as informations and should be required only to give notice of the underlying offense. This view has found some support in the lower courts (see, e.g., Matter of Jose M., 178 AD2d 343, 346-347).
The presentment agency’s argument misapprehends the two-part nature of the Family Court petition, however. Family Court Act § 311.2 clearly contemplates, as noted above, that supporting depositions may be filed in addition to petitions and that the sufficiency of the petition is to be measured by the factual allegations contained not only in the petition itself but also in any supporting depositions that may be attached to it. While no definition of the term "supporting deposition” is contained in the Family Court Act, such a definition is contained at CPL 100.20, which provides that "[a] supporting deposition is a written instrument * * * containing factual allegations of an evidentiary character, based either upon personal knowledge or upon information and belief, which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein.” Although Family Court Act § 303.1 (1) provides that "[t]he provisions of the criminal procedure law shall not apply to proceedings under this article unless the applicability of such provisions are specifically prescribed by this act,” we believe that this section of the CPL is nonetheless instructive here in that supporting depositions serve the same function in Family Court petitions as they do in informations, simplified informations, misdemeanor complaints and felony complaints: they supplement the factual allegations contained in the petition and tend to support the charges. In fact, the heading at the top of the supporting deposition form used in this case indicates that it conforms to CPL 100.20.
In this case, the supporting deposition contained a personal statement by a police officer with direct knowledge of the crime committed that supplemented the allegations in the *639 petition. The statement of the officer, in that it was based on his own knowledge and observations, was by nature evidentiary. Indeed, it is difficult to conceive of a situation where a deposition containing personal observations of this kind would not be evidentiary. Thus, we agree with the appellant that the restriction on the evidentiary content of the petition necessarily relates only to the petition itself and not to any supporting depositions that are appended to it. At the same time, however, because the statute clearly provides that the legal sufficiency of the petition is measured by the factual allegations contained both in the petition itself and in the supporting depositions, if any, we conclude that the restriction on the evidentiary content of Family Court petitions does not undermine the appellant’s argument that the petition and supporting depositions together must establish a prima facie case.
It is certainly implicit in our holding in Matter of David T. (supra) that the prima facie standard applicable to informations applies equally to Family Court petitions. Today, we make clear that because both informations and petitions are the ultimate instruments of prosecution and because both are required, in identical language, to contain nonhearsay allegations that establish, if true, every element of the offense charged and the accused’s commission of the offense, that a prima facie case standard is applicable to both. By consequence, the presentment agency, in order to establish a legally sufficient case, will be required to set forth in the petition "sufficient evidence to warrant a conviction, if unexplained or uncontradicted” (see, People v Potwora, 44 AD2d 207, 210).
This does not entirely resolve the present case, however. The question that remains is whether Officer Henry’s statement that based on his experience with illicit narcotics, the substance seized from appellant appeared to be crack cocaine, was sufficient to meet this prima facie case requirement. We conclude that it was not.
In People v Dumas (68 NY2d 729), this Court held that a misdemeanor complaint containing a conclusory statement that the defendant sold marihuana, but unsupported by evidentiary facts showing the basis for this conclusion, was legally insufficient. We suggested in dicta, however, that an allegation that the police officer was an expert in identifying marihuana might have rendered the complaint legally sufficient. The presentment agency has seized upon our language in Dumas and argues that such an allegation was contained in *640 the supporting deposition here, and that the petition should be deemed legally sufficient as a result.
Dumas differs from the present case in one key respect, however. As noted above, that case involved a misdemeanor complaint, and the factual part of a misdemeanor complaint must simply establish "reasonable cause” to believe that the defendant committed the crime charged (CPL 100.40 [4] [b]). Thus, a much lower standard is applicable when determining the legal sufficiency of complaints, which, unlike informations and petitions, do not serve as the sole instrument of prosecution and adjudication. Our language in Dumas does not, therefore, resolve the case now before us.
Appellants urge us to hold that a laboratory report is always necessary in order to establish a prima facie case of cocaine possession. There is no need to establish a per se rule. We leave open the possibility that a deposition based on personal knowledge and expertness may, in now unforeseen circumstances, qualify as sufficient evidence to establish a prima facie case of drug possession because of the nature of the crime, or its elements, or the special knowledge of the affiant. In this case, however, the deposition was insufficient to satisfy the prima facie case standard.
Accordingly, the order of the Appellate Division should be reversed, without costs, and the petition dismissed.
Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed, etc.