■ In the Matter of GILBERTO A., a Person Alleged to be a Juvenile Delinquent, Respondent. WESTCHESTER COUNTY PRESENTMENT AGENCY, Appellant. [654 NYS2d 400] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the petitioner appeals, as limited by its brief, from so much of an order of the Family Court, Westchester County (Spitz, J.), entered January 10, 1996, as granted that branch of the respondent's motion which was to dismiss that branch of the petition which charged him with acts which, if committed by an adult, would have constituted the crime of unlawful possession of weapons by persons under sixteen.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, that branch of the respondent's motion which was to dismiss that branch of the petition which charged him with acts, which if committed by an adult, would have constituted the crime of unlawful possession of weapons by persons under sixteen is denied, that branch of the petition is reinstated, and the matter is remitted to the Family Court, Westchester County, for further proceedings.

The allegations in the petition that the respondent possessed a straight razor (*i.e.*, a box-cutter/razor) while on school grounds were sufficient to allege that he possessed a dangerous knife in violation of Penal Law § 265.05. Thompson, J. P., Santucci and Luciano, JJ., concur.

Friedmann, J., dissents and votes to affirm the order appealed from with the following memorandum: I respectfully dissent, and would vote to affirm the order appealed from, dismissing the juvenile delinquency petition as defective.

The nonhearsay allegations of a juvenile delinquency petition and its supporting depositions must establish, if true, every element of the crime charged and the respondent's commission thereof (*see*, Family Ct Act § 311.2 [3]; *Matter of Jahron S.*, 79 NY2d 632). The presentment agency is required to set forth in the petition and any supporting depositions sufficient nonhear-

say evidence to warrant a conviction, should the respondent's behavior remain unexplained or uncontradicted (*see, Matter of Jahron S., supra*). Otherwise the petition is subject to dismissal for legal insufficiency (*see,* Family Ct Act § 315.1; *Matter of Jahron S., supra; Matter of Detrece H.,* 78 NY2d 107, 110; *see also, Matter of Rodney J.,* 83 NY2d 503; *Matter of Wesley M.,* 83 NY2d 898).

The petition at bar alleged, "[u]pon information and belief", that the respondent had violated Penal Law § 265.05 in that he "possessed a dangerous knife, to wit: Respondent did possess a boxcutter/razor, which act if committed by an adult would constitute the crime of Unlawful Possession of Weapons by Persons Under Sixteen". In the only sworn statement supporting the petition, Police Officer Garbowski related that he had been "informed" that the respondent had assaulted the complainant (who refused to press charges) in retaliation for an earlier attempt by the complainant's cousin to assault the respondent with a razor. The sole nonhearsay allegation in the officer's sworn statement concerned his apprehension of the respondent, whom he found sitting in front of Gorton High School with a "straight razor" in his pants.

As the Family Court properly observed, neither "razor" nor "box-cutter" is named in Penal Law § 265.05 as one of the "weapons" whose mere possession by a person under the age of 16 is prohibited. The omission arguably is significant inasmuch as the Legislature has expressly banned the possession of a "razor" in Penal Law § 265.01 (2). Consequently, the respondent's simple possession of a box-cutter does not, without more, constitute a violation of Penal Law § 265.05.

The Court of Appeals has held that an otherwise "innocent utilitarian utensil" may be determined to fall within the statutory proscription when the circumstances of its possession, including the behavior of its possessor, demonstrate that the possessor himself considered it a weapon and thus a "dangerous knife" within the contemplation of the statute (*see, e.g., Matter of Jamie D.,* 59 NY2d 589). Here, however, the presentment agency failed to support its petition with nonhearsay allegations establishing that the respondent had used his "box-cutter" like a "dangerous knife", with the result that the petition was properly dismissed for legal insufficiency.