■ In the Matter of JAYSON P., a Person Alleged to be a Juvenile Delinquent, Respondent. In the Matter of JOSE Z., a Person Alleged to be a Juvenile Delinquent, Respondent. [662 NYS2d 504] —Orders, Family Court, New York County (Ruth Zuckerman, J.), entered on or about March 29, 1996, which dismissed, as facially deficient, identical juvenile delinquency petitions alleging that respondents, acting in concert, committed acts which, if committed by an adult, would constitute criminal sale of a controlled substance in the third degree, two counts of criminal sale of a controlled substance in the fifth degree, two counts of criminal possession of a controlled substance in the third degree, and one count each of criminal possession of a controlled substance in the fifth and seventh degrees, unanimously reversed, on the law, without costs, the respective petitions reinstated, and the matters remanded to Family Court for further proceedings.

The petitions contain supporting depositions by two undercover police officers stating that, in exchange for $20, respondents sold them two glassine envelopes of heroin stamped "sting ray"; that field testing of the contents was conducted using the NIK Test (Mecke Reagent Test); that this is "a reliable test routinely used in the field to determine the presence of heroin"; that the officers had "received extensive training in the identification of controlled substances/narcotic drugs"; and that each officer had "previously performed at least 20 NIK Reagent tests of various samples." Family Court found that the Presentment Agency failed to demonstrate the reliability of the test results and, thus, failed to present facially sufficient petitions (citing People v Swamp, 84 NY2d 725; Matter of Jahron S., 79 NY2d 632). The court discounted the undercover officers' supporting depositions as conclusory, finding that they fail to provide sufficiently detailed factual descriptions either with respect to the manner in which the field tests were conducted or the officers' ability to perform the tests, as indicated by their training and experience.

Respondents' attack on the capability of the officers to perform an accurate field test and upon the reliability and acceptance of the test results goes only to the weight and not the sufficiency of the evidence. The Presentment Agency is required to submit non-hearsay allegations which, if proven true, establish that the alleged crime was committed and that it was committed by respondents. Family Court Act § 311.2 provides that a petition is sufficient "when 'the allegations of the factual part of the petition, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the [appellant] committed the crime or crimes charged,' and when 'non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the [appellant's] commission thereof " (*Matter of Jahron S., supra*, at 635-636). The results of the field test, taken together with the undercover officer's deposition, provide a reasonable basis to believe that respondents committed the crime with which they are charged. We need only observe that if the Presentment Agency is able to prove the truth of these allegations at trial, they will suffice to establish the elements of the crime and respondents' participation in its commission. Concur—Murphy, P. J., Milonas, Wallach, Rubin and Mazzarelli, JJ.