■ In the Matter of MARIE K., a Person Alleged to be a Juvenile Delinquent, Appellant. [796 NYS2d 350]—

Order of disposition, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered on or about July 10, 2002, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that appellant committed acts which, if committed by an adult, would constitute the crimes of attempted assault in the second degree, criminal possession of a weapon in the fourth degree, criminal mischief in the fourth degree and menacing in the third degree, and placed her on probation for a period of 12 months, unanimously affirmed, without costs.

Upon the appeal from the order of disposition, this Court held the appeal in abeyance and remanded the matter for a *Huntley* hearing (*see Matter of Marie K.*, 308 AD2d 377 [2003]). By order dated March 25, 2005, Family Court (Myrna Martinez-Perez, J.) denied appellant's *Huntley* application, a determination she does not now challenge.

Upon appeal after remand, appellant maintains that the evidence was legally insufficient to establish the crimes of attempted assault in the second degree, criminal possession of a weapon in the fourth degree and menacing in the third degree, and, in any event, was against the weight of the evidence. Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792 [1987]), we find it legally sufficient to support Family Court's determination beyond a reasonable doubt. Resolutions of issues of credibility, as well as the weight to be accorded the evidence, are primarily to be determined by the factfinder, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84 [1903]). Evidence properly credited by Family Court clearly establishes appellant's guilt. The requisite mental states for attempted assault in the second degree (intent to cause physical injury), criminal possession of a weapon in the fourth degree (intent to use dangerous instrument unlawfully), and menacing in the third degree (intent to place or attempt to place complainant in fear of death, imminent serious physical injury, or physical injury) could be properly inferred from appellant's admitted conduct in throwing a ceramic vase in complainant's direction; according to complainant, the vase passed right by her face. Also probative were the surrounding circumstances, including the attack upon the complainant by appellant's sister and her friend (*see Matter of Jonathan F.*, 290 AD2d 385 [2002]; *People v Bonsu*, 290 AD2d

251 [2002], *lv denied* 98 NY2d 636 [2002]). Contrary to appellant's contention, the presentment agency established that the ceramic vase constituted a dangerous instrument (*cf. People v Soumik*, 244 AD2d 584 [1997], *lv denied* 91 NY2d 897 [1998]). Upon the exercise of our factual review power (*see* CPL 470.15), we are also satisfied that Family Court's determination was not against the weight of the evidence.

Finally, the record establishes that Family Court's placement of appellant on probation was the least restrictive alternative consistent with her needs, in light of her truancy at school and inability to meet curfews despite her mother's efforts to address these issues, her inability to control her temper, and the violent nature of this incident (*see Matter of Antonio C.*, 294 AD2d 123 [2002]). Concur—Andrias, J.P., Saxe, Marlow and Sullivan, JJ.