■ In the Matter of MATTHEW W., a Person Alleged to be a Juvenile Delinquent, Appellant. [852 NYS2d 223]—In related juvenile delinquency proceedings pursuant to Family Court Act article 3, the appeals are from (1) an order of disposition of the Family Court, Kings County (Turbow J.), dated February 9, 2007, which, upon a fact-finding order of the same court dated December 22, 2006, made after a hearing, finding that the appellant had committed an act which constituted the crime of unlawful possession of weapons by persons under 16 and an act which, if committed by an adult, would have constituted the crime of possession of a loaded rifle or shotgun, adjudged him to be a juvenile delinquent, and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months under docket No. D-33964-06; and (2) an order of dismissal of the same court, also dated February 9, 2007, which dismissed a petition dated December 15, 2006, for an extension of placement and a permanency planning hearing under docket No. D-32498-03. The appeal from the order of disposition brings up for review the fact-finding order dated December 22, 2006.

Ordered that the appeal from so much of the order of dismissal as dismissed the petition for an extension of placement under docket No. D-32498-03 is dismissed, without costs or disbursements, as the appellant is not aggrieved thereby; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the appellant with the New York State Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Shanita V.,* 7 AD3d 804 [2004]); and it is further,

Ordered that the order of disposition is modified, on the law, by deleting the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed an act which constituted the crime of unlawful possession of weapons by persons under 16 and substituting therefor a provision dismissing that count of the petition; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements, and the fact-finding order is modified accordingly; and it is further,

Ordered that the order of dismissal is affirmed insofar as reviewed, without costs or disbursements.

The appellant, a juvenile, was found to have committed an act which, if committed by an adult, would have constituted the crime of possession of a loaded rifle or shotgun, and an act which constituted the crime of unlawful possession of weapons by persons under 16. He contends that the petition was jurisdictionally defective as to the latter count because neither the petition nor the supporting depositions set forth sworn, nonhearsay allegations as to his age. This argument has merit.

A juvenile delinquency proceeding is originated in Family Court by the filing of a petition (*see* Family Ct Act § 310.1 [1]; *Matter of Michael M.*, 3 NY3d 441 [2004]). For the petition, or a count thereof, to be sufficient on its face, the factual part of the petition or of any supporting depositions must set forth sworn, nonhearsay allegations sufficient to establish, if true, every element of each crime charged and the alleged delinquent's commission thereof (*see* Family Ct Act § 331.2 [3]; *Matter of Markim Q.*, 7 NY3d 405, 407 [2006]; *Matter of Michael M.*, 3 NY3d 441 [2004]; *Matter of Neftali D.*, 85 NY2d 631, 635 [1995]; *Matter of Jahron S.*, 79 NY2d 632, 639 [1992]). Such allegations must be set forth in the petition and/or the supporting depositions (*see* Family Ct Act § 311.2 [3]; *Matter of Jahron S.*, 79 NY2d at 636). The failure to comply with this requirement constitutes a nonwaivable jurisdictional defect that deprives the court of subject matter jurisdiction to entertain the petition or count (*see Matter of Neftali D.*, 85 NY2d at 634). Further, because the defect cannot be cured by amendment, the issue need not be preserved for appellate review (*see Matter of Michael M.*, 3 NY3d at 449). Here, neither the petition nor the supporting depositions provided sworn, nonhearsay allegations as to the appellant's age, which is an element of the crime of unlawful possession of weapons by persons under 16. Consequently, the petition was jurisdictionally defective as to that count, and that count must be dismissed.

However, contrary to the appellant's contention, the petition was not jurisdictionally defective as to the count alleging that he committed an act which, if committed by an adult, would have constituted the crime of possession of a loaded rifle or shotgun. No issue is raised on appeal as to the sufficiency of the proof adduced at the fact-finding hearing as to that count of the petition.

The appellant's remaining contentions are without merit. Rivera, J.P., Ritter, Dillon and Carni, JJ., concur.