■ In the Matter of DIVINE D., a Person Alleged to be a Juvenile Delinquent, Appellant. [912 NYS2d 888]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Divine D. appeals from an order of disposition of the Family Court, Kings County (Weinstein, J.), dated

April 15, 2010, which, upon a fact-finding order of the same court dated March 3, 2010, made after a hearing, inter alia, finding that he committed an act which constituted the crime of unlawful possession of weapons by persons under the age of 16, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order dated March 3, 2010, is modified by deleting the provision thereof finding that the appellant committed an act which constituted the crime of unlawful possession of weapons by persons under the age of 16, and substituting therefor a provision dismissing that count of the petition, and the petition is dismissed.

A juvenile delinquency petition is legally sufficient on its face when "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged" (Family Ct Act § 311.2 [3]; *see Matter of Jahron S.*, 79 NY2d 632, 635-636 [1992]). The failure to set forth such nonhearsay allegations as to every element of the charged act in accordance with Family Court Act § 311.2 (3) is a nonwaivable jurisdictional defect, which requires dismissal of the petition (*see Matter of Jahron S.*, 79 NY2d at 637; *Matter of Michael M.*, 3 NY3d 441, 448 [2004]; *Matter of Matthew W.*, 48 AD3d 587 [2008]; *Matter of Jamel E.*, 33 AD3d 797 [2006]). Here, neither the petition nor the supporting depositions provided sworn, nonhearsay allegations as to the appellant's age, which is an element of the criminal act of unlawful possession of weapons by persons under the age of 16. Consequently, as conceded by the presentment agency, the petition was jurisdictionally defective as to that count, which was the only remaining count in the petition, and the petition must, therefore, be dismissed. Fisher, J.P., Angiolillo, Belen and Austin, JJ., concur.