■ In the Matter of MICHAEL GRUDGE M., a Person Alleged to be a Juvenile Delinquent, Appellant. [915 NYS2d 286]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Michael Grudge M. appeals from an order of disposition of the Family Court, Kings County (Freeman, J.), dated February 11, 2010, which, upon a fact-finding order of the same court dated November 19, 2009, made after a hearing, finding that he committed acts constituting unlawful possession of weapons by persons under 16 (two counts) and acts which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the fourth degree (two counts), adjudged him to be a juvenile delinquent, and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the order of disposition is modified, on the law, by deleting the provisions thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed acts constituting unlawful possession of weapons by persons under 16 (two counts) and substituting therefor provisions dismissing the third and fourth counts of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

The petition in a juvenile delinquency proceeding is sufficient on its face if "the allegations of the factual part of the petition, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the respondent committed the crime or crimes charged," and the "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [2], [3]; see Matter of Jahron S., 79 NY2d 632, 635-636 [1992]; Matter of Matthew W., 48 AD3d 587, 588 [2008]).

Count one of the petition alleges that the appellant possessed a "gravity knife" (Penal Law § 265.00 [5]), an act which, if committed by an adult, would constitute criminal possession of a weapon in the fourth degree in violation of Penal Law § 265.01 (1). Such a charge must be supported with nonconclusory factual allegations in the petition or the supporting deposition, establishing the basis for the deponent's belief that the object observed in the juvenile's possession was in fact a gravity knife

(*see People v Dreyden*, 15 NY3d 100, 104 [2010]). Here, the supporting deposition of the arresting officer contains a description of the gravity knife and its operation, based upon his personal observations and handling of the knife. Thus, contrary to the appellant's contention, the supporting deposition contains nonconclusory factual support for the allegation, and count one of the petition is facially sufficient.

Under count two of the petition, the appellant is charged with possession of a "dangerous knife," an act which, if committed by an adult, would constitute criminal possession of a weapon in the fourth degree in violation of Penal Law § 265.01 (2). A knife may be considered a "dangerous knife" within the meaning of Penal Law § 265.01 (2) when the circumstances of its possession demonstrate that the possessor considered it a weapon, even if the knife might not otherwise be deemed a "dangerous knife" by reason of its inherent characteristics (*see Matter of Jamie D.*, 59 NY2d 589, 593 [1983]; *Matter of Sean R.*, 33 AD3d 925, 926 [2006]). The petition and supporting deposition allege that, at the time and place that the appellant possessed the aforementioned gravity knife, he also possessed a knife approximately 13 inches in length with an 8-inch blade. Given the large size of the knife and that the appellant possessed it concurrently with a gravity knife, which is statutorily defined as a "deadly weapon" (Penal Law § 10.00 [12]), the petition was facially sufficient to allege the appellant's possession of a "dangerous knife" (Penal Law § 265.01 [2]; *see Matter of Patrick L.*, 244 AD2d 244, 246-247 [1997]; *Matter of Gilberto A.*, 237 AD2d 285 [1997]).

However, as the presentment agency correctly concedes, neither the petition nor the supporting deposition provided a sworn, nonhearsay allegation as to the appellant's age, which is an element of the delinquent act of unlawful possession of weapons by persons under the age of 16, as charged under counts three and four of the petition (*see* Penal Law § 265.05). Although the appellant did not move to dismiss or otherwise challenge the petition on this ground, failure to comply with the pleading requirements of Family Court Act § 311.2 (3) is a nonwaivable jurisdictional defect requiring dismissal of the applicable counts (*see Matter of Matthew W.*, 48 AD3d 587, 588 [2008]; *see also Matter of Jahron S.*, 79 NY2d at 637; *Matter of Jamel E.*, 33 AD3d 797, 798 [2006]). Accordingly, counts three and four of the petition should have been dismissed. Rivera, J.P., Dillon, Angiolillo and Austin, JJ., concur.