■ In the Matter of Devon V., a Person Alleged to be a Juvenile Delinquent, Appellant. [921 NYS2d 47]—

Order of disposition, Family Court, New York County (Mary E. Bednar, J.), entered on or about September 14, 2010, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed the act of unlawful possession of a weapon by a person under 16, and placed him on probation for a period of 12 months, unanimously reversed, on the law, without costs, and the petition dismissed.

The petition, together with the supporting deposition, did not contain nonhearsay allegations to support the age element of unlawful possession of weapons by persons under 16 (Penal

Law § 265.05). This failure to satisfy the statutory requirements (see Family Ct Act § 311.2 [3]; Matter of Jahron S., 79 NY2d 632, 636 [1992]) was a nonwaivable jurisdictional defect (see Matter of Detrece H., 78 NY2d 107, 109 [1991]).

While a juvenile delinquency adjudication is normally based on an act that would constitute a crime if committed by an adult, Penal Law § 265.05 is unique in that it authorizes such an adjudication on the basis of an offense that, by definition, can only be committed by a person under 16. Accordingly, we agree with the Second Department that the accused's age is an element of the offense, subject to the requirement of sworn, nonhearsay allegations (see Matter of Matthew W., 48 AD3d 587 [2008]).

Here, the petition and supporting deposition stated appellant's date of birth. The deposition also stated, without elaboration, that during arrest processing the officer was able to determine that appellant was 15 years old. This did not meet the requirement of a nonhearsay allegation because there was no explanation, on the face of the petition or deposition, of how the officer learned appellant's age. Surmise, or even a reasonable inference, that the officer got this information from appellant himself or some other unspecified nonhearsay source does not satisfy the statute, because "the test of the sufficiency of the petition is a facial one" (Matter of Rodney J., 83 NY2d 503, 507 [1994]). Since the defect was nonwaivable, it was not affected by any acknowledgments of his age that appellant may have made during the Family Court proceedings. We have considered and rejected the presentment agency's remaining claims. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ.