■ In the Matter of MARQUISE B., a Person Alleged to be a Juvenile Delinquent, Appellant. [992 NYS2d 423]—

Order, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about July 10, 2013, which denied appellant's motion to dismiss the petition; and order, same court and Judge, entered on or about September 4, 2013, which found, after a hearing, that appellant had violated the terms and conditions of his probation, vacated an order of disposition entered on or about September 6, 2012 that had placed him on probation for 18 months upon a prior violation of probation, and placed him with the Administration for Children's Services Close to Home program for a period of 12 months, unanimously affirmed, without costs.

The petition sufficiently alleged a prima facie case that appellant violated the terms and conditions of his probation (*see generally Matter of Jahron S.*, 79 NY2d 632, 639 [1992]; *see also* Family Ct Act § 360.2 [2]; *Matter of Rayshawn P.*, 103 AD3d 31, 40 [1st Dept 2012]). The petition alleged that appellant failed to appear at six weekly meetings with his probation officer, and appellant received fair notice that such meetings were a condition of his probation. Attached to the petition was an order placing appellant under probation supervision and an order of conditions, which contained a written acknowledgment from appellant that he received it, and which expressly required appellant to report to his probation officer as directed as a condition of his probation. Accordingly, appellant received fair notice of this condition.

Contrary to appellant's contentions, the order of conditions merely supplemented, rather than contradicted, the order of disposition, which did not expressly list such meetings as a condition of his probation, but, consistently with the language in the order of conditions, ordered appellant to be placed under probation supervision. Thus, there is no conflict that could have deprived appellant of fair notice of the conditions of his probation. Appellant merely speculates that the court signed the order of disposition after it signed the order of conditions. Thus, there is no merit to appellant's argument that the court intended to nullify the order of conditions. Concur—Sweeny, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.