■ In the Matter of EUGENE D., a Person Alleged to be a Juvenile Delinquent, Appellant. [2 NYS3d 895]—

Order, Family Court, New York County (Susan R. Larabee, J.), entered on or about June 9, 2014, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of assault in the second degree (two counts), criminal possession of a weapon in the fourth degree, menacing in the second degree, assault in the third degree, criminal mischief in the fourth degree (three counts), resisting arrest and menacing in the third degree, and placed him with the Office of Children and Family Services for a period of 18 months, unanimously modified, on the law, to the extent of vacating the finding as to resisting arrest and dismissing that count of the petition, and otherwise affirmed, without costs.

Except as indicated, the court's fact-finding determination was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. Appellant's intent to injure his grandmother could be readily inferred from the totality of his violent conduct (*see e.g. Matter of Marie K.*, 19 AD3d 149 [1st Dept 2005]). The mop handle with which appellant struck his aunt, causing it to break, constituted a dangerous instrument under the circumstances of its use (*see People v Flowers*, 178

AD2d 682 [3d Dept 1991], *lv denied* 79 NY2d 947 [1992]). The testimony of the grandmother and aunt demonstrated that each sustained substantial pain as the result of appellant's actions, thereby establishing the element of physical injury as to each (*see People v Guidice*, 83 NY2d 630, 636 [1994]).

However, there was insufficient evidence to support the lawful duty element of resisting arrest. The presentment agency did not call an officer with competent knowledge bearing on this issue. Concur—Mazzarelli, J.P., Sweeny, Renwick, Feinman and Kapnick, JJ.