■ In the Matter of DIAMOND J., a Person Alleged to be a Juvenile Delinquent, Appellant. [23 NYS3d 275]—

Appeal from an order of disposition of the Family Court, Kings County (Michael Ambrosio, J.), dated August 1, 2014. The order adjudicated Diamond J. a juvenile delinquent and placed her on probation for a period of 12 months. The appeal brings up for review a fact-finding order of that court dated July 14, 2014, which, after a hearing, found that Diamond J. committed acts which, if committed by an adult, would have constituted the crimes of menacing in the second degree and criminal possession of a weapon in the fourth degree, and that she committed the juvenile act of unlawful possession of weapons by persons under sixteen.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of probation has expired; and it is further,

Ordered that the order of disposition is modified, on the law, by deleting the provision thereof adjudicating the appellant a juvenile delinquent based on a finding that she committed the juvenile act of unlawful possession of weapons by persons under sixteen, and substituting therefor a provision dismissing count four of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

The evidence adduced at the fact-finding hearing proved beyond a reasonable doubt that the appellant committed acts that, if committed by an adult, would have constituted the crimes of menacing in the second degree and criminal possession of a weapon in the fourth degree (*see Matter of Eugene D.*, 126 AD3d 529, 529 [2015]; *Matter of Markquel S.*, 93 AD3d 505, 505-506 [2012]; *cf.* Penal Law §§ 120.14 [1]; 265.01 [2]; *Matter of Anisha McG.*, 27 AD3d 749, 751 [2006]). Moreover, upon the exercise of our factual review power, we are satisfied that the findings of fact as to those counts are not against the weight of the evidence (*see Matter of Isaiah D.*, 127 AD3d 1184, 1185-1186 [2015]).

Nevertheless, the order of disposition must be modified with respect to count four of the petition, which alleged that the appellant committed the juvenile act of unlawful possession of weapons by persons under sixteen in violation of Penal Law § 265.05. The petition in a juvenile delinquency proceeding is sufficient on its face if "the allegations of the factual part of the petition, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the respondent committed the crime or crimes charged," and the "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [2], [3]). The failure to satisfy this requirement is a jurisdictional defect (*see Matter of Michael Grudge M.*, 80 AD3d 614, 615 [2011]).

Here, the petition failed to provide an adequate nonhearsay allegation of an essential element of Penal Law § 265.05, namely, that the appellant was under the age of sixteen at the time of the incident. The complainant's supporting deposition alleged that the appellant was his "14-year-old cousin," but it did not state the source of the complainant's knowledge of the appellant's age. The presentment agency contends that the allegation is sufficient, and it relies on the proposition that "it is generally recognized that the ages of family members are common knowledge within a family" (*Matter of Brandon P.*, 106 AD3d 653, 653 [2013]). That proposition, however, applies to close family relationships. Notably, in *Matter of Brandon P.*, the allegation as to the appellant's age was made by the appellant's sister (*see id.* at 653). The relationship of "cousin," by contrast, is too distant and too broad in degree of consanguinity (*see* Black's Law Dictionary 442-443 [10th ed 2014]) to meet the requirements of Family Court Act § 311.2 in this case. Specifically, the complainant's statement regarding the appel-

lant's age was not a sufficient nonhearsay allegation based on personal knowledge establishing reasonable cause to believe that the age element of the offense was met. Since count four of the petition was jurisdictionally defective, that count must be dismissed, and the order of disposition and the order of fact-finding modified accordingly (*see Matter of Michael Grudge M.*, 80 AD3d at 615). Rivera, J.P., Balkin, Leventhal and Dickerson, JJ., concur.