The People of the State of New York, Respondent,
against
Miriam Jackson, Appellant.



Appeal from a judgment of the District Court of Nassau County, First District (Valerie Alexander, J.), rendered October 1, 2012. The judgment convicted defendant, upon a jury verdict, of assault in the third degree.




ORDERED that the judgment of conviction is affirmed.
Insofar as is relevant to this appeal, defendant was charged with assault in the third degree (Penal Law § 120.00 [1]). The evidence adduced at a jury trial indicated that defendant and the complainant, who had been friends for several years, had a falling out. On June 5, 2011, they traded insults on the social media website Facebook. On that date, the complainant uploaded from the internet and "reposted" to her social media Twitter account a video of defendant engaging in sexual activity with defendant's boyfriend. The complainant deleted the video about one hour later. On June 6, 2011, the complainant was working as a home health aide at the home of an elderly person in Seaford, Nassau County. Defendant, her sister, and several other people arrived at the home. When the complainant exited the home at the end of her shift, defendant attacked her, hitting her in the face several times. As a result, the complainant's nose bled for approximately 30 minutes, and she experienced pain and soreness for two or three days. She also sustained scratches and bruises to her face. The complainant did not go to a hospital. Instead, she testified that she went to a doctor, who told her to take over-the-counter ibuprofen for the pain. Included in the evidence was a one minute and forty-five second video of defendant's attack against the complainant. The complainant testified on direct examination that she had fallen to the ground when defendant struck her. During cross-examination, the complainant testified that she had not fallen to the ground when defendant struck her.
Following the trial, the jury found defendant guilty of assault in the third degree.
Penal Law § 120.00 (1) provides that a "person is guilty of assault in the third degree when . . . [w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person." Penal Law § 10.00 (9) defines "physical injury" as "impairment of physical condition or substantial pain." 
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish defendant's guilt, beyond a reasonable doubt, of assault in the third degree. "A verdict is legally sufficient if there [*2]is any valid line of reasoning and permissible inferences that could lead a rational person to conclude that every element of the charged crime has been proven beyond a reasonable doubt. The proof must be viewed in the light most favorable to the prosecution and the People are entitled to all reasonable evidentiary inferences" (People v Delamota, 18 NY3d 107, 113 [2011] [internal citations omitted]). A court "could theoretically uphold a conviction that was premised on inherently contradictory testimony by a single witness because the jury could have accepted the testimony that supported the People and rejected that which did not" (id.).
The evidence was sufficient to establish defendant's intent to cause physical injury. At about the time the complainant's shift ended, defendant arrived at the complainant's place of work accompanied by several other persons. Defendant's sister recorded the altercation, and the video was posted on the internet. The video shows that defendant struck the complainant several times. Defendant's intent to assault the complainant can be inferred from her conduct and the surrounding circumstances (see Matter of Eugene D., 126 AD3d 529 [2015]; Matter of Eric C., 281 AD2d 543, 544 [2001]; see also People v Kruppenbacher, 81 AD3d 1169, 1173-1174 [2011]).
Pain is a subjective matter, and deciding whether the "substantial pain" threshold has been met is generally for the trier of fact. The Court of Appeals has held that while "slight or trivial pain" is insufficient, the "[p]ain need not . . . be severe or intense to be substantial" (People v Chiddick, 8 NY3d 445, 447 [2007]). "Each case ultimately turns upon the facts unique thereto, with a variety of relevant factors, including, among others, the injury viewed objectively, the victim's subjective description of the injury and her pain, and whether the victim sought medical treatment" (People v Rivera, 42 AD3d 587, 588 [2007]).
In this case, defendant threw eight to ten punches at the complainant and struck her several times. The complainant's nose bled continuously for approximately 30 minutes. The altercation lasted nearly two minutes. Although the complainant did not seek treatment at a hospital, but went to an unidentified private doctor, there is no requirement that a victim seek hospital or medical treatment to establish physical injury (see People v Guidice, 83 NY2d 630, 636 [1994]). Here, the complainant's nose "hurt a lot to the touch," and felt as if it was broken, although it was not. She also had scratches and bruises on her face. The other parts of her face felt swollen and her face "did not look presentable." The pain and soreness to her nose went away two or three days after the altercation. The scratches and bruises took about a week to go away. The complainant's boyfriend testified that the complainant's shirt was ripped and her shirt and pants had blood on it. Based on the facts and circumstances of this case, defendant's guilt of assault in the third degree was supported by legally sufficient evidence (see People v Rose, 120 AD3d 593, 594 [2014]; People v Valencia, 50 AD3d 1163, 1164 [2008]). The jury was free to reject the complainant's testimony on cross-examination that she had not fallen to the ground when defendant struck her.
Defendant claims that the District Court erred by not permitting cross-examination of the complainant with respect to her sworn statement to the police. A trial court "has broad discretion to limit cross-examination when questions are repetitive, irrelevant or only marginally relevant, concern collateral issues, or threaten to mislead the jury" (People v Rivera, 98 AD3d 529, 529 [2012]; see Delaware v Van Arsdall, 475 US 673, 679 [1986]; People v Corby, 6 NY3d 231, 234-235 [2005]; People v Arroyo, 131 AD3d 1257, 1258 [2015]; People v Pena, 113 AD3d 701, 702 [2014]; People v Stevens, 45 AD3d 610, 611 [2007]). However, a court's discretion in making such rulings "is circumscribed by the rules of evidence and the defendant's constitutional right to present a defense" (People v Carroll, 95 NY2d 375, 385 [2000]; see People v Diaz, 85 AD3d 1047, 1049-1050 [2011]). Here, counsel had already elicited from the complainant that she had not fallen to the ground as a result of defendant striking her. Thus, the cross-examination regarding her statement to the police would have been cumulative to the testimony counsel had elicited. 
Defendant also claims that she should have been permitted to ask the complainant how she uploaded and took down the video of defendant engaging in sexual activity with defendant's [*3]boyfriend to and from the complainant's Twitter account. However, the complainant had previously testified that she had uploaded the video from the internet and thereafter deleted it. Even if she was aware of the technical procedures of uploading and removing the video, such testimony would have been collateral and irrelevant.
Accordingly, the judgment of conviction is affirmed.
Iannacci, J.P., Tolbert and Garguilo, JJ., concur.
Decision Date: January 24, 2017