■ In the Matter of JZAMAINE E.M., Appellant. [52 NYS3d 502]—

Appeals by Jzamaine E.M. from (1) an order of fact-finding of the Family Court, Orange County (Carol S. Klein, J.), dated April 11, 2016, (2) an order of that court dated March 10, 2015, and (3) an order of disposition of that court dated March 28,

2016. The order of fact-finding, after a hearing, determined that Jzamaine E.M. had committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the fourth degree and petit larceny. The order dated March 10, 2015, denied those branches of his omnibus motion which were to dismiss the petition and to suppress identification testimony. The order of disposition adjudicated him a juvenile delinquent and, upon his consent, placed him on probation for a period of two years, to include 50 hours of community service.

Ordered that the appeals from the order of fact-finding and the order dated March 10, 2015, are dismissed, without costs or disbursements, as those orders were superseded by the order of disposition, and are brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

For a juvenile delinquency petition, or a count thereof, to be sufficient on its face, "the factual part of the petition or of any supporting depositions must set forth sworn, nonhearsay allegations sufficient to establish, if true, every element of each crime charged and the alleged delinquent's commission thereof" (*Matter of Matthew W.*, 48 AD3d 587, 588 [2008]; *see* Family Ct Act § 311.2 [3]; *Matter of Neftali D.*, 85 NY2d 631, 635 [1995]; *Matter of Shakeim C.*, 97 AD3d 675, 676 [2012]). "Such allegations must be set forth in the petition and/or the supporting depositions" (*Matter of Matthew W.*, 48 AD3d at 588; *see* Family Ct Act § 311.2 [3]; *Matter of Jahron S.*, 79 NY2d 632, 636 [1992]). "The failure to comply with this requirement constitutes a nonwaivable jurisdictional defect that deprives the court of subject matter jurisdiction to entertain the petition or count" (*Matter of Matthew W.*, 48 AD3d at 588; *see Matter of Neftali D.*, 85 NY2d at 635). Here, contrary to the appellant's contention, the juvenile delinquency petition was facially sufficient. The supporting deposition, which had been translated for the complainant by a Spanish-speaking police officer, was not defective, inasmuch as there was no indication on the face of the instrument that the complainant had not read and understood it or was incapable of doing so (*see Matter of Shaquana S.*, 9 AD3d 466, 467 [2004]). Accordingly, the Family Court properly determined that the appellant was not entitled to dismissal of the petition on the ground that it was facially defective.

Contrary to the appellant's contention, the showup identification, which was conducted in close geographic and temporal

proximity to the incident, was reasonable under the circumstances and not unduly suggestive (*see Matter of Shan M.*, 137 AD3d 1144, 1145 [2016]; *Matter of Kedne L.*, 45 AD3d 843, 844 [2007]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792 [1987]; *Matter of Danasia Mc.*, 94 AD3d 1122 [2012]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of grand larceny in the fourth degree (Penal Law § 155.30) and petit larceny (Penal Law § 155.25). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617 [2009]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Danasia Mc.*, 94 AD3d at 1124; *Matter of Hasan C.*, 59 AD3d at 617-618; *cf. People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Darnell C.*, 66 AD3d 771, 772 [2009]; *cf. People v Romero*, 7 NY3d 633, 644-645 [2006]).

The record does not support the appellant's claim that the presentment agency failed to turn over *Brady* and *Rosario* material (*Brady v Maryland*, 373 US 83, 83 [1963]; *People v Rosario*, 9 NY2d 286 [1961]). Any delay in doing so did not substantially prejudice the appellant; therefore, neither a reopening of the *Wade* hearing nor reversal is warranted (*United States v Wade*, 388 US 218 [1967]; *see People v Martinez*, 71 NY2d 937, 940 [1988]; *People v Uka*, 92 AD3d 907, 908 [2012]). Dillon, J.P., Cohen, Maltese and Duffy, JJ., concur.