Matter of Ricki I. (2018 NY Slip Op 00291)





Matter of Ricki I.


2018 NY Slip Op 00291


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-09217
 (Docket No. D-19883-15)

[*1]In the Matter of Ricki I. (Anonymous), appellant.


Glenn Gucciardo, Northport, NY, for appellant.
Dennis M. Brown, County Attorney, Central Islip, NY (James G. Bernet of counsel), for respondent (no brief filed).



DECISION & ORDER
Appeal by Ricki I. from an order of disposition of the Family Court, Suffolk County (Richard Hoffman, J.), dated July 29, 2016. The order of disposition, upon an order of fact-finding and after a hearing, determined that he committed an act which constituted the crime of unlawful possession of weapons by persons under sixteen, adjudged him to be a juvenile delinquent, and placed him under the supervision of the Suffolk County Department of Probation until July 28, 2018.
ORDERED that the order of disposition is reversed, on the law, without costs or disbursements, the order of fact-finding is vacated, the petition is dismissed, and the matter is remitted to the Family Court, Suffolk County, for the purpose of entering an order pursuant to Family Court Act § 375.1.
A juvenile delinquency proceeding is originated in the Family Court by the filing of a petition (see Family Ct Act § 310.1[1]; Matter of Michael M., 3 NY3d 441, 445). For the petition, or a count thereof, to be sufficient on its face, the factual part of the petition or of any supporting depositions must set forth sworn, nonhearsay allegations sufficient to establish, if true, every element of each crime charged and the alleged delinquent's commission thereof (see Family Ct Act § 331.2[3]; Matter of Markim Q., 7 NY3d 405, 407; Matter of Michael M., 3 NY3d at 445; Matter of Neftali D., 85 NY2d 631, 635; Matter of Jahron S., 79 NY2d 632, 639). Such allegations must be set forth in the petition and/or the supporting depositions (see Family Ct Act § 311.2[3]; Matter of Jahron S., 79 NY2d at 635-636). The failure to comply with this requirement constitutes a nonwaivable jurisdictional defect that deprives the court of subject matter jurisdiction to entertain the petition or count (see Matter of Neftali D., 85 NY2d at 634). Here, neither the petition nor the supporting deposition provided sworn, nonhearsay allegations as to the appellant's age, which is an element of the crime of unlawful possession of weapons by persons under 16 (see Penal Law § 265.05; Matter of Diamond J., 134 AD3d 1117, 1118; Matter of Michael Grudge M., 80 AD3d 614, 615; Matter of Divine D., 79 AD3d 940, 941; Matter of Matthew W., 48 AD3d 587, 588). Accordingly, the petition was jurisdictionally defective and must be dismissed (see Matter of Diamond J., 134 AD3d at 1118; Matter of Michael Grudge M., 80 AD3d at 615; Matter of Divine D., 79 AD3d at 941; Matter of Matthew W., 48 AD3d at 588).
In light of our determination, we need not reach the appellant's remaining contentions.
RIVERA, J.P., ROMAN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court