Matter of Nelson D.-C. (2020 NY Slip Op 02782)





Matter of Nelson D.-C.


2020 NY Slip Op 02782


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2019-10726
 (Docket No. D-804-19)

[*1]In the Matter of Nelson D.-C. (Anonymous), appellant.


Karyn A. Villar, Hauppauge, NY, for appellant.
Dennis M. Brown, County Attorney, Central Islip, NY (Jennifer L. Basile of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Nelson D.-C. appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Matthew Hughes, J.), dated August 22, 2019. The order of fact-finding and disposition, after a hearing, found that Nelson D.-C. committed an act which, if committed by an adult, would have constituted the crime of criminal obstruction of breathing or blood circulation, adjudicated him a juvenile delinquent, and placed him on probation for a period of one year.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
For a juvenile delinquency petition, or a count thereof, to be sufficient on its face, the factual part of the petition or of any supporting depositions must set forth sworn, nonhearsay allegations sufficient to establish, if true, every element of each crime charged and the alleged delinquent's commission thereof (see Family Ct Act § 311.2[3]; Matter of Jzamaine E.M., 150 AD3d 738, 739). "The failure to comply with this requirement constitutes a nonwaivable jurisdictional defect that deprives the court of subject matter jurisdiction to entertain the petition or count" (Matter of Ricki I., 157 AD3d 792, 793). However, dismissal of a juvenile delinquency proceeding is not required "when a deficiency in the petition is not facially apparent but [is only] revealed during the course of the Family Court proceedings" (Matter of Rodney J., 83 NY2d 503, 508). Here, contrary to the appellant's contention, the juvenile delinquency petition was facially sufficient. The supporting deposition, which had been translated for the complainant by a Spanish-speaking police officer, was not defective, inasmuch as there was no indication on the face of the instrument that the complainant had not read and understood it or was incapable of doing so (see Matter of Jzamaine E.M., 150 AD3d at 739). Accordingly, we agree with the Family Court's determination that the appellant was not entitled to dismissal of the petition on the ground that it was facially defective.
There is no merit to the appellant's claim that the Family Court lacked subject matter jurisdiction over the proceeding because the presentment agency failed to present evidence that the appellant was less than 16 years of age when he committed the acts alleged in the petition (see Matter of Anthony S., 112 AD3d 948; Matter of Anthony J., 143 AD2d 668, 669).
Viewing the evidence in the light most favorable to the presentment agency (see Matter of Jonathan F., 177 AD3d 736, 738), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, which, if committed by an adult, would have constituted the crime of criminal obstruction of breathing or blood circulation (Penal Law § 121.11[a]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Christopher H., 123 AD3d 713, 714), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Dashawn R., 120 AD3d 1250, 1251). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence.
The appellant's remaining contention is without merit (see People v Romano, 282 AD2d 764, 764-765; People v Budhai, 182 AD2d 693).
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court